CHAUNCY W. GRIGGS et al.

*v.*

THE CITY OF ST. PAUL.

In 1857, the street commissioners of the third ward of the city of St. Paul, deeming it necessary to construct sidewalks on "St. Anthony Street" and "Dayton Avenue," notified the owners of lots chargeable with the expense of making such walks, to construct the same. The lot owners having failed to construct the walks, the street commissioners contracted with the plaintiffs to construct them. The plaintiffs having performed their contract, received certificates showing the amount of work done by them, and the price to be paid therefor, and the lots upon which said certificates were chargeable; but the street commissioners failed to make or file, as required by the city charter, an estimate of the whole expense of said work, and of the proportion to be assessed to each lot. *Held:* that this omission did not make *void* said certificates delivered to the plaintiffs.

This is an appeal from an order of the District Court for Ramsey county, overruling a demurrer interposed to the complaint. The opinion of the Court contains a sufficient statement of the case.

I. V. D. HEARD, and H. J. HORN, for appellant.

BRISBIN & WARNER, for respondents.

*By the Court*—WILSON, CH. J.—In 1857, the street commissioners of the third ward of the city of St. Paul, deeming it necessary to construct sidewalks on "St. Anthony Street" and "Dayton Avenue," notified the owners of lots chargeable with the expense of making such walks, to construct the same.

The lot owners having failed to construct the walks, the street commissioners entered into a contract with the plaintiffs to construct them.  The plaintiffs having performed their contract, received certificates showing the amount of work done by them, and the price to be paid therefor, and the lots upon which said certificates were chargeable.

The plaintiffs, in the complaint in this action, allege that by reason of the failure of the street commissioners to cause an estimate of the expense of said work, and of the portion to be assessed and charged to each lot, to be made and filed with the city comptroller, the certificates delivered to them were utterly void; and that therefore the defendant is liable for the amount due them.

The city charter, under which the work was let to the plaintiffs and said certificates issued, provides, (Sec. 4. Chapt. 7,) that, " whenever the street commissioners shall deem it necessary to construct or repair any sidewalks within the ward, they shall direct the owner or occupant of any lot adjoining such sidewalks, to make or repair the same at his own proper cost or charge.  If such work is not done in the manner and within the time prescribed, the commissioners shall cause the same to be done at the expense of the lots adjoining such sidewalk."

Section 6, of the same chapter, provides that, " whenever the commissioners shall determine to make any public improvement as authorized by sections 3, 4 and 5 of this chapter, they shall cause to be made an estimate of the whole expense thereof, and of the portion to be assessed to each lot, and the said commissioners shall thereupon enter into contract for the doing thereof."

Section 10, of the same chapter, provides that, " after the completion and performance of any contract entered into by the street commissioners for work chargeable to lots or lands by virtue of this act, they shall give to the contractor or contractors a certificate under their hands, stating therein the

amount of work done by such contractor, and the nature thereof, and the description of the lot or parcel of land upon which the same is chargeable, which said certificate may be transferred by indorsement thereon, and if the amount thereof shall not be paid before the time of making out the annual assessment roll, the same shall be assessed upon the said lots or parcels of land respectively, and collected for the use and benefit of the holder of such certificate, as other taxes on real estate are collected by virtue of this act; and if the notice to do the work required shall have been given as herein provided, no informality or error in the proceedings shall vitiate such assessment: *Provided*, that in no event where the work is ordered to be done at the expense of any lot or parcel of land, shall either the city or the ward be held responsible for the payment thereof."

The sole ground upon which the plaintiffs base their right to recover, is the failure of the street commissioners to make or file the estimate required by Section 6, above quoted. Admitting (for the purpose of this discussion) that if the certificates delivered to the plaintiffs were void, the city is liable in this action, we will inquire whether the omission to file the estimate rendered the certificates void.

In the case of grading the streets, the making and filing of such estimate may be quite an important step in the proceedings, as the lot owner is thereby informed of the proportion of the expense to be assessed upon his lot, and enabled to determine whether such sum will exceed the benefit to the lot, he, in that event, being entitled to a reduction of the assessment. But in case of sidewalks, no such necessity for the estimate exists; the lot owner being required to build the entire walk in front of his lot, there is no apportioning of the expense. The estimate would not inform him of the expense of building the walk, for the contract might be let at a much higher or lower figure. It would not inform him as to the amount of labor to be performed, or length of walk to be built,

Griggs v. City of St. Paul.

for that is measured by the length and character of the walk, of which he has ample notice without such estimate. We are unable to see, therefore, how the neglect to file the estimate materially affects the rights of the lot owner.

It is an error not to file it, because the statute requires the filing, but we think it is just such an error as Section 10, above cited, declares shall not vitiate the assessment. At least, the lot owner asking to have the certificates declared void on this account, must show that he was prejudiced by the omission.

The *informality or error*, mentioned in Section 10, which should not vitiate the assessment, consists, manifestly, in a failure to comply with some of the requirements of the statute, for if the statute is complied with, there is neither error nor informality. Errors may be of two kinds : those affecting substantial rights, and those which do not necessarily affect such rights. Errors of the latter class should not be permitted to make void, as a matter of course, proceedings of this kind, in the validity of which the public or third parties are interested, and it is, therefore, frequently provided by law that the occurrence of such errors should not render such proceedings *void*.

This, we think, is the intention and effect of Section 10, above quoted. If the notice to do the work is given, then no error, not affecting the substantial rights of the parties, vitiates the assessment. In this case, the error complained of does not, *prima facie*, affect the rights of the lot owner, and, therefore, it is incumbent on the plaintiffs to show such prejudice.

The demurrer, we think, therefore, should have been sustained. We are referred to two cases decided by this court, supposed to be inconsistent with the view above expressed, but we have examined these cases and find no doctrine laid down in them inconsistent with that above enunciated. *McComb v. Bell*, 2 Minn. 295, refers to street grades, and in it no reference is made to Section 10, above cited. The

case of street grades, for reasons above given, we think, is essentially different from that of sidewalks, and, therefore, we do not consider this case an authority in point. *Weller v. City of St. Paul*, 5 Minn. 95, is also a case of street grade, and the court, in commenting on the force of the provision of Section 10, Chapter 8, of the charter, says : " The effect of this provision can be extended no further than the terms themselves justify, and these scarcely add anything to the powers inherent in courts of justice to protect the rights of litigants in judicial proceedings. It will scarcely be claimed that a corporation can, by a clause of this nature in its charter, protect itself from the errors and carelessness of its officers, or prevent parties prejudiced thereby from obtaining the redress to which they would otherwise be entitled. Without this proviso, courts would not ordinarily set aside an assessment on account of irregularities and informalities in the proceedings not affecting the merits, nor with it can they tolerate dereliction in the discharge of official duty inconsistent with the well-settled principles of law and equity. As some of the errors complained of in the case at bar do affect the substantial justice of the tax itself, the provision cannot certainly be invoked in this case in aid of the defendant in error."

This case decides that in case of street grades, said estimate must be made and filed, and that the failure to file it will vitiate the assessment when such failure affects the substantial justice of the tax. This view, we think, is not at variance with the law as above stated in this case.

The order appealed from is reversed.