FELIX TRAINOR *vs.* JOHN A. WORMAN.

November 7, 1885.

**Pleading Counterclaim — Rule in Mason v. Heyward Abrogated.—** Laws 1883, *c.* 101, abrogated the rule in *Mason* v. *Heyward*, 3 Minn. 116, (182,) that defendant admits a cause of action on the contract on which the action is brought, by pleading a counterclaim on the same contract.

**Same—Reply Departing from Complaint.—**Where a complaint on a contract alleged full performance according to its terms, and the answer pleaded a counterclaim upon an alleged failure to perform within the time, allegations in the reply of a valid excuse for such failure are, if intended to help the plaintiff's cause of action, a departure in pleading, and, if properly objected to, as by a request for instruction to the jury, cannot aid plaintiff to recover, but he may rely on them to prevent a recovery by defendant on the counterclaim.

On reargument.    The opinion on the former argument is reported 33 Minn. 484.

*Edward Savage*, for appellant.

*T. E. Byrnes*, for respondent.

GILFILLAN, C. J.[1]    Upon the argument of this case at the last April term, (*Trainor* v. *Worman*, 33 Minn. 484,) the court, acting on the decision in *Mason* v. *Heyward*, 3 Minn. 116, (182,) and other decisions of this court, following that case, held that a cause of action upon the contract set up in the complaint was admitted by the pleading of the counterclaim in the answer, and that, therefore, resort to the facts alleged in the reply was not necessary to enable plaintiff to recover, and that the departure in pleading was immaterial.    Upon the filing of the opinion on that argument, the appellant applied for leave to reargue the case, calling our attention to Laws 1883, *c.* 101, which at the time of the prior argument had escaped our notice. Leave to reargue was granted, and the case reargued, so far, at least, as concerns the application of the statute to this case.

Section 1 of the act reads: "The pleading of a set-off or counter-

[1]Mitchell, J., being absent, took no part in this case.

claim by a defendant, in any action in any of the courts of this state, shall not be held or construed to be an admission of any cause of action on the part of the plaintiff against such defendant." The terms of this act are so full and explicit as to leave no room for doubt that it was aimed at and abrogates the rule in *Mason* v. *Heyward*. This being so, there is, so far as the allegations in the reply may be claimed to help the complaint, a clear case of departure in the pleadings; for the complaint alleges and relies on a complete performance of the contract according to its terms, while the reply admits a failure to perform as to time, and relies on new matter therein alleged as an excuse for such failure. There is a departure when a party quits or departs from the case or defence which he first made, and has recourse to another. 1 Chit. Pl. 674; Gould, Pl. *c.* 8, §§ 65, 66, 72; *Warren* v. *Powers*, 5 Conn. 373; *Larned* v. *Bruce*, 6 Mass. 57; *Estes* v. *Farnham*, 11 Minn. 312, (423.) A test of departure suggested in the last case is, could evidence of the facts alleged in the reply be received under the allegations of the complaint? If not, then there is a departure. It needs only a statement of it to show that an allegation of full performance will not admit proof of an excuse for non-performance.

The plaintiff should have drawn his complaint according to the facts; or, if he did not so draw it in the first instance, he ought to have made it conform to the facts as soon as he received the answer apprising him that he would be required to prove his case as he alleged it. The defendant raised the objection properly by his request for a charge, in effect, that plaintiff could recover only upon proof of performance as alleged in the complaint. But the objection to the plaintiff's evidence, offered after defendant rested, of an excuse for non-performance, was not well taken. For, though plaintiff could not plead in his reply and prove such excuse as part of his cause of action, he could both plead and prove it as a defence to defendant's counterclaim. That is, as the pleadings stood, though plaintiff could not have the benefit of that evidence as a ground of recovery by himself, he could have the benefit of it so far as to prevent a recovery by defendant on his counterclaim.

Judgment reversed and new trial ordered.