ANNIE JOHNSON *vs.* MAGNUS HILLSTROM.

June 15, 1887.

Sale—Fraud—Rescission—Pleading—Reply.—One who is induced to en-
ter into a contract for the purchase of a chattel in payment of a precedent
debt, and, in reliance upon representations by the vendor as to the char-
acter and quality thereof, which prove false and fraudulent, may rescind
the contract, and return the chattel, and such rescission may be set up in
the reply in an action brought by him to recover the original debt.

Evidence—Warranty of Horse.—Upon the issue of the false and fraudulent
warranty of a horse, testimony as to the result of a trial of the animal,
*held* competent; and evidence of the price offered for it by a third party,
not shown to be familiar with its character or habits, *held* properly ruled
out.

Trial—Knowledge of Jurors.—Jurors are not permitted to decide matters
in issue upon their own private knowledge of the facts, but may be aided
by their general knowledge and experience upon such subjects.

Appeal by defendant from an order of the district court for Good-
hue county, *McCluer,* J., presiding, refusing a new trial, after a ver-
dict for plaintiff.

*J. C. McClure,* for appellant.

*J. C. Michael,* for respondent.

VANDERBURGH, J.    This action is for wages alleged to be due plain-
tiff from defendant.    The defendant avers payment, at plaintiff's re-
quest, to a third person for a horse alleged to have been purchased of
the latter by the plaintiff.    To this a reply is made denying such pay-
ment and purchase, and alleging that the horse was purchased of de-
fendant himself upon his solicitation, and her wages agreed to be ap-
plied thereon, and that she was induced to enter into such contract
through defendant's false and fraudulent representations touching the
character and quality of the property, and that, upon discovering the
falsity thereof, she rescinded the contract, and returned the property
to defendant.

1. The matter set up in the reply is well pleaded, and is not a de-
parture from the cause of action set forth in the complaint.    The

contract of sale being void for the alleged fraud, and the defendant placed *in statu quo*, as alleged, by a return of the property, plaintiff was left free to bring an action for her wages. If, however, the plaintiff intended to rely upon these representations to establish a simple warranty, there could be no rescission, under the rule established in this state, merely for a breach of warranty. The allegations in the reply are sufficient to support either charge, but strictly there could be a rescission only in cases involving fraud. The distinction was not, however, observed by the parties in conducting the trial. The attention of the trial judge does not appear to have been drawn to it by counsel, and it is not insisted on by the defendant in this court. We need not consider it. The points relied on by the defendant upon the argument of this branch of the case are that the allegations in the reply are grounded in tort, and are insufficient to show a contract of warranty, and more especially that such reply is an entire departure from the cause of action stated in the complaint.

2. The defendant also excepted to the statement in the seventh instruction as given, that the jury, in determining the questions of fact upon the evidence before them, might apply their own practical knowledge upon such subjects. There was no error in this. It did not permit them to rely upon facts not in evidence, or to decide the matters at issue upon their own private knowledge, but simply, as men of affairs, to judge of the questions of fact in issue in the light of their own experience. Starkie, Ev. (9th Ed.) *9; *Rex* v. *Rosser,* 7 Car. & P. 648.

3. The plaintiff was entitled to prove the allegations in her reply, in order to establish the falsity of the alleged representations. Hence the objection to the evidence as to the trial of the horse, and "how he acted," was properly overruled.

So, also, the evidence offered by defendant to the effect that his witness, Seebach, offered a good price for the horse, was properly ruled out. It did not appear that Seebach knew the character of the horse, and the offered evidence did not tend to disprove the alleged fraud.

There is evidence in the case sufficient to sustain the verdict of the jury, and we see no good reason to question the justice of it.

Order affirmed.