OLE J. ROSBY *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

June 30, 1887.

**Pleading—Departure.—**In an action for damages for breach of contract, the
answer set up as the contract between the parties a writing signed by
plaintiff, which differed in its terms from the contract alleged in the com-
plaint. The plaintiff in reply admitted signing this writing, but alleged
that it was not the actual agreement between the parties; that it was
drawn up by the defendant, who induced plaintiff, who could not read,
to sign it, by false and fraudulent representations that it was such a con-
tract as they had agreed on, and such as alleged in the complaint. *Held,*
that this reply was not a departure from the complaint, but supported it
by avoiding the new matter set up in the answer.

Appeal by defendant from an order of the district court for Polk.
county, *Stearns*, J., presiding, refusing a new trial after a verdict for
plaintiff.

*R. B. Galusha* and *R. A. Wilkinson*, for appellant.

*H. Steenerson*, for respondent.

MITCHELL, J. This action was brought to recover damages for
breach of a contract alleged to have been made by defendant with
plaintiff to transport a car-load of household goods and live-stock
from Minnesota Transfer to Beltrami, in Polk county. The breach
alleged was that defendant transported the car to Larimore, Dakota,
instead of Beltrami, thereby delaying the plaintiff in reaching his
destination, and causing him expense in transporting his property
from Larimore to Beltrami, and causing injury of the stock from be-
ing so long confined upon the car. The answer denied the making
of any such contract, but alleged the making of a written contract
with defendant for the transportation of the car to Larimore. This
contract, signed by both parties, was set out as an exhibit to the an-
swer. The plaintiff in reply admitted that he signed this writing,
but averred that he was induced to do so through the fraud and de-
ceit of defendant's agent, who made it out, and falsely read and rep-
resented it as a contract for the transportation of the car to Beltrami;

that, relying upon the false and fraudulent representations, and being unable to read it himself, he signed it, supposing it to be what it was represented to be, and what their actual agreement was,—a contract for the transportation of the car to Beltrami.

1. The first two assignments of error are based upon the idea that the reply is a departure from the complaint. A departure is a statement of matter in a subsequent pleading which is not pursuant to the previous pleading of the same party, and which does not support and fortify it. This reply, reduced to its lowest denomination, is to the effect that the contract was just as alleged in the complaint; that the writing set up in the answer is not the contract in fact made; that plaintiff was induced to sign it by the false and fraudulent representations of defendant as to its contents. This is not a departure. On the contrary, it fortifies and supports the allegations of the complaint by avoiding the new matter set up in the answer. *Estes* v. *Farnham,* 11 Minn. 312, (423;) *Trainor* v. *Worman,* 34 Minn. 237, (25 N. W. Rep. 401;) *Johnson* v. *Hillstrom, ante,* p. 122.

2. It appears that the car was transported by the Minneapolis & St. Louis Railway Company from Twin Lakes, Iowa, to the Minnesota Transfer. At this point there is a corporation called the Minnesota Transfer Company, which receives and transfers the freight to and from the five roads that centre at that point. "It is the business of that company to serve all these roads that centre there in regard to handling their freight, and to sort out the cars, and find out where they are going." The person in charge of that business at that point was one Sullivan. "He was agent at that time for the Manitoba road, [the defendant.] He was agent for each road, and for the transfer company." He was absent at this time, and all the business with plaintiff in regard to the car was transacted by one Mellin, who had charge of the over and short claim department of the transfer company. He attended to ascertaining from plaintiff the destination of this car, drew up the written contract for its transportation, and executed it in behalf of the defendant.

If any mistake was made as to the destination of the car, or if any fraud or deceit as to the contents of the written contract was perpetrated on plaintiff, it was by Mellin, who transacted all the business.

Defendant attempted to shield itself from liability on the ground that Mellin was not its agent, but the agent of the transfer company. Whether the transfer company was or was not the common agent of all the five roads centring at that point it is not necessary to discuss. It is sufficient, for the purposes of this case, to say that, in making the contract with plaintiff, Mellin was assuming to act as the agent of defendant, and the court very properly instructed the jury that, where it is claiming the benefit of this contract, it is in no position to question Mellin's agency.

3. This contract contained a provision that, as a condition precedent to the right to recover damages for any loss or damage to livestock, a party must give notice in writing of his claim therefor to some officer of the company, or its nearest station agent, before the stock is removed from the place of destination or of delivery. Upon the trial the court instructed the jury, in reference to the proper measure of damages, that plaintiff would be entitled to recover for such injury as would naturally result to the stock in being kept that much longer on the cars. To this the defendant excepted generally; and the error here assigned is that there was no evidence that plaintiff gave this notice required by the contract. Without determining whether this stipulation in the contract has any application to a case like the present, it is sufficient to say that no such defence was pleaded in the answer, and no such point suggested or called to the attention of the court on the trial.

4. The verdict was not excessive.

None of the other assignments of error require any special notice. Order affirmed.