A. S. Boon *vs.* State Insurance Company.

November 11, 1887.

Pleading—Contract—Excuse for Non-Performance.—In an action upon a contract, facts excusing the plaintiff for the non-performance of the conditions of the contract, when essential to a right of action, must be alleged in the complaint.

Evidence—Presumption—Receipt of Letter.—There is no ground for the presumption that a letter reached its destination by mail within two weeks after it was mailed, in the absence of any proof as to the place where it was mailed, or of the usual course of the mails.

Appeal by defendant from an order of the district court for Anoka county, *Lochren*, J., presiding, refusing a new trial, after a verdict for plaintiff.

*Hammons & Hammons*, for appellant.

*Morrill & Niles*, for respondent.

Dickinson, J. This action was brought to recover on a policy of fire insurance. A copy of the policy was annexed to the complaint as a part of it. It thus appears that one of the express conditions of

the contract was that no action should be brought for loss under the policy, "unless commenced within six months of the date of loss." The loss is alleged in the complaint to have occurred June 15, 1885, and such, too, was the evidence. This action was commenced December 31, 1885, more than six months after the loss. Nothing was alleged in the complaint to avoid the effect of the contract, as to the time of commencing an action. But in a *reply* served more than a year after the service of the answer, and five days before the trial of the cause, the plaintiff set forth certain other facts, for the purpose of avoiding the effect of the contract in this particular. Such allegations should have been made by complaint. Without some such averment, it did not appear that the plaintiff was entitled to recover. That was an essential part of the statement of a cause of action, the stipulated period of six months having passed before the action was brought; and the complaint could not be aided by such averments in reply. *Trainor* v. *Worman*, 34 Minn. 237, (25 N. W. Rep. 401.)

The defendant's general objections to the introduction of evidence, and particularly to the evidence offered in rebuttal, tending to show that the defendant ought not to be heard to insist upon this condition as a defence, were well taken.

It is further contended that, as appears from the case, the defendant's liability had ceased at the time of the fire under the conditions of the policy, because an instalment, due June 1st, upon the plaintiff's premium note, had not been paid. This must be conceded, unless a certain check mailed by the plaintiff June 1st was received by the defendant at Des Moines, Iowa, before the loss occurred, on the 15th of that month. We think that the evidence tended to show that the action of the company in finally declaring its refusal to accept this check, after it had once acknowledged its receipt as though it had been money, was based upon the assumption that it had not been received before the loss, and not upon the ground that it was not money. The evidence on the part of the defendant is that the check was not received until June 19th, and there is nothing to show that it was received before that time, unless that can be presumed from the fact that it was mailed at, or perhaps near, the plaintiff's residence, in Isanti county, in this state, on the first of June. There is no suffi-

cient ground for such a presumption, in the absence of any proof as to where it was mailed, or as to the frequency of the mails, or of the usual course or time of the mails, between the place of mailing and Des Moines. *Wiggins* v. *Burkham*, 10 Wall. 129.

For the reasons above stated, a new trial must be allowed.