JAMES R. HAND *vs.* NATIONAL LIVE-STOCK INS. CO.

Submitted on briefs May 31, 1894.   Affirmed June 15, 1894.

No. 8771.

**Objection to evidence waived.**

The complaint alleged performance of the conditions of the policy of insurance. The evidence was that one of the conditions had been waived. *Held* that, under the facts of this case, the variance was waived by permitting substantially all of the evidence to be introduced without objection.

**Objection first raised in this court.**

Where it is apparent from the pleadings and the proceedings on the trial that both parties assumed that the policy was a valued one, and that there was no issue as to the value of the subject of the insurance, the appellant cannot raise in this court the point that there was no evidence of value.

**An absolute refusal of all liability waives the right to delay of payment.**

An absolute denial of all liability on a policy of insurance, and a refusal to pay, are a waiver of the right of the insurer to have a stipulated time after proofs of loss in which to pay.

Appeal by defendant, the National Live Stock Insurance Company, from an order of the Municipal Court of the City of St. Paul, *H. W. Cory*, J., made November 11, 1893, denying its motion for a new trial.

On March 27, 1893, defendant insured one Charles Dewitt to the amount of $100 for one year against loss by death of his sorrel gelding horse seven years old named Jeff valued at $125. The loss if any was payable, ninety days after proofs thereof, to the plaintiff, James R. Hand, mortgagee, as his interest might appear. The policy provides that no animal shall be insured for more than two-thirds its value. The horse died May 8, 1893. No proofs of the death were made. Defendant denied any liability. This action was commenced July 7, 1893, in Justice Court to recover the $100. Plaintiff had judgment for that sum and the defendant appealed on questions of law and fact to the Municipal Court. The issues were there tried August 11, 1893, by the court without a jury. The

defense was based upon the grounds, (1st) that no proofs of loss were ever furnished as required by the policy and no waiver of that condition was pleaded. (2nd) That this action was begun prematurely. (3rd) That there was no proof of the value of the horse.

The court made findings and ordered judgment for plaintiff for $83.33. Defendant moved for a new trial, but was refused and appeals from the order.

*Young & Lightner,* for appellant.

In order to recover in this action plaintiff must allege and prove that he has furnished to defendant a particular account and proof of loss as required by the policy, or that the same has been waived. There is no allegation of waiver. Proof of waiver is not admissible under an allegation of performance. The complaint sets forth the policy at length and alleges performance of its conditions. The answer denies the allegation of performance and alleges that no proofs of loss were ever made or delivered to defendant. *Bowlin* v. *Hekla Fire Ins. Co.,* 36 Minn. 433; *Shapiro* v. *Western Home Ins. Co.,* 51 Minn. 239.

In pleading the performance of conditions precedent in a contract it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part, and if such allegation is controverted the party pleading is bound to establish on the trial the facts showing such performance. 1878 G. S. ch. 66, § 109. Under such an allegation of performance of conditions precedent evidence of waiver or excuse for nonperformance is not admissible. *Oakley* v. *Morton,* 11 N. Y. 25; *Phenix Ins. Co.* v. *Bachelder,* 32 Neb. 490; *Evans* v. *Queen Ins. Co.,* 5 Ind. App. 198; *Hatch* v. *Coddington,* 32 Minn. 92; *Trainor* v. *Worman,* 34 Minn. 237; *Boon* v. *State Ins. Co.,* 37 Minn. 426; *Mosness* v. *German Am. Ins. Co.,* 50 Minn. 341; *Voak* v. *National Invest. Co.,* 51 Minn. 450.

It may be claimed that the allegation in the complaint, "That at divers times before the commencement of this action said plaintiff duly demanded from said defendant the payment of said loss, that said defendant disclaimed and denied any and all liability under said policy," is inferentially an allegation of waiver. But it is nowhere

stated that such denial of liability, if made, was within the fifteen days allowed the insured after loss in which to furnish proofs. That condition is as valid in respect to time as in other respects. *Bowlin* v. *Hekla Fire Ins. Co.*, 36 Minn. 433; *Shapiro* v. *Western Home Ins. Co.*, 51 Minn. 239; *Underwood* v. *Farmers' J. S. I. Co.*, 57 N. Y. 500.

The company did not deny liability until June 20, almost a month after the expiration of the fifteen days. Defendant's refusal to pay may have been based upon plaintiff's failure to furnish proofs of loss within the stipulated time. And in any event no inference of waiver can be drawn from this allegation when complete performance is distinctly averred.

The action was premature. The policy provides that any loss is to be paid ninety days after proofs of the same have been received by the company. At the close of plaintiff's case defendant moved to dismiss the action upon the ground that the suit was brought too soon. The motion was denied and defendant excepted; *Doyle* v. *Phœnix Ins. Co.*, 44 Cal. 264; *Cowan* v. *Phœnix Ins. Co.*, 78 Cal. 181; *Carberry* v. *German Ins. Co.*, 51 Wis. 605.

There is no evidence of the value of the horse. No animal could be insured for more than two-thirds its value, and whenever in case of loss the insurance shall be found to be greater the company shall be liable for no more than this proportion. Unless the policy in suit is what is termed a valued policy the insured must prove damage; *Maxcy* v. *New Hampshire F. Ins. Co.*, 54 Minn. 272.

The horse is thus described in the policy: "Kind of stock, gelding; name, Jeff; color, sorrel; age, seven; sum insured, $100; valuation, $125." This is the only reference in the whole case to the value of the horse and fails to prove the value of the horse at the time of its death. The clause in the policy providing for arbitration if differences shall arise between the parties as to the amount of any loss, conclusively shows that the valuation named in the policy is not to be taken as the agreed value in case of loss; consequently, this is not a valued policy. *Blinn* v. *Dresden Mut. F. Ins. Co.*, 85 Me. 389; *Brown* v. *Quincy Mut. F. Ins. Co.*, 105 Mass. 396; *Huckins* v. *People's Mut. F. Ins. Co.*, 31 N. H. 238.

*Henry & R. L. Johns,* for respondent.

The issues were joined in the Justice Court where the same nicety and precision in pleading are not required as in courts of record. Evidence will be received under pleadings joined in the former which would not be received under pleadings joined in the latter. A liberal practice should obtain in causes before Justices of the Peace, and whenever such causes come to the higher court the attainment of justice should be regarded as paramount to a strict adherence to the rigid technicalities of courts of record. Whenever the appellate court can infer that the merits have been fairly tried, it will not test the pleadings by technical rules. 1878 G. S. ch. 65, § 34. *Musier* v. *Trumpbour,* 5 Wend. 274; *Stuart* v. *Close,* 1 Wend. 438; *Kline* v. *Husted,* 3 Caine 275; *McGrath* v. *O'Brien,* 42 Minn. 13.

In the Justice Court no reply is necessary unless the answer sets up a counterclaim by way of setoff. Defendant pleaded that no proof of loss was ever made. Every proper and legal defense to this allegation is admissible in evidence as fully as if pleaded in a reply. Where an answer sets up a want of proofs of loss a waiver of this requirement of the policy is properly pleaded in the reply. *Jacobs* v. *St. Paul F. & M. Ins. Co.,* 86 Ia. 145.

Even in courts of record there is authority that, under an allegation of performance of a condition, proof of waiver is admissible without alleging the waiver. May Insurance, § 589; *Levy* v. *Peabody Ins. Co.,* 10 W. Va. 560; *Pennsylvania F. Ins. Co.* v. *Dougherty,* 102 Pa. St. 568; *West Rockingham M. F. Ins. Co.* v. *Sheets,* 26 Gratt. 854; *Andes Ins. Co.* v. *Fish,* 71 Ill. 620; *Maddox* v. *German Ins. Co.,* 39 Mo. App. 198; *Russell* v. *State Ins. Co.,* 55 Mo. 585; *Schultz* v. *Merchants Ins. Co.,* 57 Mo. 331; *St. Louis Ins. Co.* v. *Kyle,* 11 Mo. 278; *Gans* v. *St. Paul F. & M. Ins. Co.,* 43 Wis. 108; *German F. Ins. Co.* v. *Grunert,* 112 Ill. 68; *Butterworth* v. *Western A. Co.,* 132 Mass. 489; *Daul* v. *Fireman's Ins. Co.,* 35 La. Ann. 98.

The doctrine of waiver in this regard is substantially that of an estoppel *in pais,* and need not be specially pleaded. *Coleman* v. *Pearce,* 26 Minn. 123; *Caldwell* v. *Augur,* 4 Minn. 217.

Defendant admits in its answer that it denied liability for the loss.

This denial was not based upon the absence of proofs of loss but because a part of the premium was due and unpaid at the time of the loss, and also that the loss was caused by negligence on the part of the assured. Where the company unqualifiedly refuses payment or refuses on grounds distinct from that of full notice and proof of loss it is presumed to have waived the absence of notice or proof of loss. Evidence that defendant refused to pay the loss because part of the premium was unpaid was certainly admissible under the pleadings, and no other proof of waiver was necessary, and hence the admission of evidence as to an express waiver, if error at all, was error without prejudice. *Francis* v. *Ocean Ins. Co.,* 6 Cow. 404; *Vos* v. *Robinson,* 9 Johns. 192; *Dietz* v. *Providence W. Ins. Co.,* 33 W. Va. 526; *Coryeon* v. *Providence W. Ins. Co.,* 79 Mich. 187; *German F. Ins. Co.* v. *Gueck,* 130 Ill. 345; *Sheanon* v. *Pacific Mut. L. Ins. Co.,* 83 Wis. 507; *Anthony* v. *German Am. Ins. Co.,* 48 Mo. App. 65; *Steamship Samana Co.* v. *Hall,* 55 Fed. Rep. 663; *Searle* v. *Dwelling House Ins. Co.,* 152 Mass. 263; *Phenix Ins. Co.* v. *Bachelder,* 32 Neb. 490.

The company is estopped to defend upon any but the original ground stated to assured as reason for not paying. *Towle* v. *Ionia E. & B. F. M. F. Ins. Co.,* 91 Mich. 219; *Western & A. Pipe Lines* v. *Home Ins. Co.,* 145 Pa. St. 346.

The action was not premature. It was not brought until after the company refused to pay the loss. When a company refuses to pay loss, action may be brought at once. *Aetna Ins. Co.* v. *Maguire,* 51 Ill. 342; *Williamsburg City F. Ins. Co.* v. *Cary,* 83 Ill. 453; *Hoffecker* v. *New Castle Co. Mut. Ins. Co.,* 5 Del. 101; *Merritt* v. *Cotton State L. Ins. Co.,* 55 Ga. 103; *State Ins. Co.* v. *Maackens,* 38 N. J. Law 564; *Clover* v. *Greenwich Ins. Co.,* 101 N. Y. 277; *Georgia Home Ins. Co.* v. *Jacobs,* 56 Tex. 366.

There was no controversy at the trial as to the value of the property. The valuation was agreed upon by the terms of the policy and no attempt was made by the defendant to show that the property had depreciated in value since the insurance was effected. *Perry* v. *Mechanics Mut. Ins. Co.,* 11 Fed. Rep. 485; *Revere F. Ins. Co.* v. *Chamberlin,* 56 Ia. 508; *Siltz* v. *Hawkeye Ins. Co.,* 71 Ia. 710.

MITCHELL, J. The terms of the policy sued on were that defendant insured one Dewitt (loss payable to plaintiff as his mortgage interests might appear) against loss by death to the amount of $100, on the following live-stock, to wit: "Kind of stock, gelding; name, Jeff; color, sorrel; age, seven; sum insured, $100; valuation, $125."

The policy provided that the property was insured against loss by death "not exceeding in amount the sum insured, and to be paid ninety days after proofs of the same have been made by the insured and received by the company."

It further provided that "no animal shall be insured for more than two-thirds its cash market value; and whenever, in case of loss, the insurance shall have been found greater, the company shall be liable for no more than this proportion."

The policy also contained a stipulation that, if differences should arise between the parties "as to the amount of any loss," the matter should, at the request of either party, be submitted to two appraisers,—one to be selected by each party.

1. The plaintiff in his complaint set out the policy, and alleged, generally, performance on his part of all its terms and conditions. On the trial he admitted that he had never furnished proofs of loss, but introduced evidence tending to prove that the defendant had waived them. The admission of this evidence is assigned as error, on the ground that no waiver was pleaded.

Many of the authorities in this country hold that in actions on insurance contracts, under an allegation of performance of a condition precedent, proof of a waiver is admissible. This is certainly not in accord with the spirit of the reformed system of pleading. The general rule, often applied by this court, is well settled that, under an allegation of performance of conditions precedent, evidence of waiver or excuse for nonperformance is not admissible. *Hatch* v. *Coddington*, 32 Minn. 92, (19 N. W. 393;) *Trainor* v. *Worman*, 34 Minn. 237, (25 N. W. 401;) *Boon* v. *State Insurance Co.*, 37 Minn. 426, (34 N. W. 902;) *Mosness* v. *German-American Ins. Co.*, 50 Minn. 341, (52 N. W. 932;) *Voak* v. *National Investment Co.*, 51 Minn. 450, (53 N. W. 708); and it is quite difficult on principle to see why the rules of pleading in actions on insurance contracts should be different from those applied in actions on other contracts. If there be any reasons for a distinction, they must be founded on considerations of policy.

But it is not necessary to decide the question in this case. Substantially all the evidence of waiver was admitted without objection. Only in the case of one witness was any objection interposed, and then only after practically all of his testimony that was material had been given. The evidence admitted without objection was such as to require a finding that there had been a waiver. It was not contradicted, and there was no suggestion that defendant was prejudiced by being taken by surprise.

2. It is not necessary to decide whether this was a valued or an open policy. It is evident from the pleadings, the proceedings on the trial, and the findings of the court that it was assumed throughout that the policy was a valued one, and that there was no issue as to the value of the subject of the insurance. This being the case, the defendant cannot now raise the point that there was no evidence of value.

3. This action was commenced within 90 days after the loss, and it is claimed that it was prematurely brought. Stipulations in policies of insurance that the loss is to be paid within a specified time after proofs of loss are furnished are not, strictly speaking, intended to fix the "due day" of the contract, but are inserted to enable the insurer, before making payment, to inquire and investigate with a view to determine whether he will pay. Hence it is well settled that a denial of all liability on a policy, and a peremptory refusal to pay under any circumstances, is a waiver of the right of the company to have the stipulated time before any suit is commenced. Upon such denial of liability and refusal to pay, an action may be commenced at once. The answer in this case admits that, before the commencement of this action, the plaintiff demanded from defendant payment of the loss, and that the defendant "denied any liability for said loss under said policy;" and, if necessary to resort to the evidence, it is sufficient to justify the finding to that effect. Order affirmed.

COLLINS and BUCK, JJ., absent, took no part.

(Opinion published 59 N. W. 538.)