JOHN B. HOXSIE and Another v. R. H. KEMPTON.

October 25, 1899.

Nos. 11,759—(66).

### Pleading—Defect of Parties—Assignment of Claim—Departure.

Two partners, as a certain named company, sued an individual, also as a designated company, for not furnishing merchandise as per a contract between them.   Defendant, in his answer, denied generally the allegations of the complaint, except he admitted that the plaintiffs were partners, but alleged that the contract referred to in the complaint was entered into by and between one P. and plaintiffs, as partners in business as said named company, on the one part, and the defendant and one N., as parties of the second part, as the other company.   Plaintiffs in their reply admitted these allegations of the answer, and sought to maintain their action by alleging an assignment from P. to them of the claim sued on, and that N. and the defendant had dissolved partnership, and that the latter had assumed and agreed to pay the firm debts.   The trial court dismissed the action.   *Held*, that the reply was a departure from the complaint, and that the trial court ruled correctly in dismissing the action.

Action begun before a justice of the peace in Ramsey county. From a judgment in favor of defendant, plaintiffs appealed to the municipal court of St. Paul, which on motion of defendant changed the place of trial to the district court for Renville county.   The district court, Powers, J., made an order granting a motion for judgment on the pleadings dismissing the action; and from a judgment entered pursuant to the order, plaintiffs appealed.   Affirmed.

*R. A. Walsh,* for appellants.
*Somerville & Olsen,* for respondent.

BUCK, J.

John B. Hoxsie and Carl Schallinger, partners as the Hutchinson Produce Company, commenced this action in a justice court in Ramsey county, Minnesota, against R. H. Kempton, doing business as the Morton Mercantile Company. The plaintiffs' complaint, for a cause of action, alleged that they paid to the defendant the sum of $70, for which the defendant promised and agreed to furnish merchandise immediately thereafter, and deliver the same to plaintiffs, but that defendant failed to do so, although duly and often demanded, save to the extent of $28. Amount claimed, $42, and complaint verified.

Defendant entered a general denial, except he admitted that the plaintiffs were partners, and were engaged in business as the Hutchinson Produce Company. He further answered by alleging that the contract referred to in the complaint was entered into by and between one Max Piowaty and the plaintiffs, partners as the Hutchinson Produce Company, on the one part, and H. M. Noak and this defendant, as partners under the style of the Morton Mercantile Company. Defendant also denied that said alleged Hutchinson Produce Company ever paid to H. M. Noak and the defendant a greater sum than $50, and alleged that they delivered goods to the Hutchinson Produce Company to the amount of $28, and further alleged that the payment of $50 was earnest money for the sale of all wool, butter, and eggs which Noak and the defendant should have in their possession one week from the date of the payment, and that Noak and the defendant were at all times ready to perform said contract, but that the Hutchinson Produce Company refused to complete said purchase and pay for said articles, which amounted to $647.90, to the damage to said Noak and defendant in the sum of $75.

Plaintiffs replied, admitting that the contract was made by them and Piowaty, as partners, with the defendant and Noak, as partners, but alleging that the claim had been assigned to them (that is, that they had bought Piowaty's interest), and that defendant

and Noak had dissolved partnership, and that defendant had assumed and agreed to pay all the firm debts. All the pleadings were oral.

The action was tried in justice court, and judgment rendered in favor of defendant. Plaintiffs appealed therefrom to the municipal court of the city of St. Paul, upon both questions of law and fact. Upon defendant's application the action was thereupon transferred to the district court in and for Renville county, Minnesota, being the county where defendant resides. The action came on for trial in said district court on November 23, 1898, when, upon motion of defendant, the court ordered that judgment be entered in defendant's favor upon the pleadings, dismissing the action. This appeal is from the judgment entered thereon.

The motion for judgment on the pleadings was made on the ground that the complaint failed to state a cause of action, and on the further ground that, if any cause of action was stated in the complaint, the answer stated a good defense thereto, which was expressly admitted by the reply.

As already stated, the action is brought by Hoxsie and Schallinger, as co-partners, against R. H. Kempton alone; and the complaint alleges a payment by these two plaintiffs to Kempton of $70, for which Kempton agreed to furnish merchandise, and he having failed to do so, except $28, demands repayment of the balance. But the answer alleges that this agreement and payment were by one Piowaty, Hoxsie, and Schallinger, who were then partners in business, to one Noak and Kempton, as partners, thus setting up a defect of parties, both plaintiffs and defendants; and plaintiffs' reply admits the facts, but attempts to avoid the legal effect thereof by alleging that the claim sued upon was assigned to them, and that Noak and defendant were partners as the Morton Mercantile Company. So far as the reply attempts to allege an assignment or transfer of the claim, and that Kempton had assumed the firm debts, it is clearly a departure from the allegations of the complaint. Even if the plaintiffs alleged a good cause of action in the complaint, they voluntarily admitted in the reply that there was a defect of parties plaintiff; that is, they quit the allegation that Hoxsie and Schallinger were the plaintiffs at the time of the con-

tract sued upon, and alleged that Piowaty was then a partner with them. This was such a departure that evidence of the fact that Hoxsie and Schallinger were partners in interest as plaintiffs under the name of Hutchinson Produce Company could not have been admitted.

The same reasoning applies to plaintiffs' admission in the reply that the agreement was made with, and payment of the money made to, defendant Kempton and Noak, partners as the Morton Mercantile Company, and that Kempton assumed and agreed to pay the firm debts and transactions. There is a departure when a party quits or departs from the case or defense which he first made, and has recourse to another. Trainor v. Worman, 34 Minn. 237, 25 N. W. 401. And this departure appeared on the face of the pleadings; that is, it there appeared, by plaintiffs' own statement and admissions, that three persons made the contract sued upon, instead of the two persons named as plaintiffs, and that two persons were parties to the contract, instead of the one defendant sued herein. The fault seems to have been with the plaintiffs, and the court ruled correctly when it dismissed the action. There was no abuse of discretion or error in the court's refusal to permit the plaintiffs to amend their pleadings.

Judgment affirmed.