## HAROLD JOHNSON and Another v. JOHN FEHSEFELDT.[1]

December 23, 1910.

Nos. 16,903—(195).

**Thresher's lien — reply — departure.**

> Action for the purpose of enforcing a thresher's lien on a specific number of bushels of grain at a certain price per bushel. The answer alleged in defense that respondents were not entitled to recover for the reason that they had violated a contract to thresh appellant's entire crop. In denial of the existence of such a contract, the reply alleged that respondents stopped threshing for the reason that appellant had violated his contract to pay a stipulated price in case the price per bushel did not amount to a stipulated sum per day. *Held*, that the reply was in the nature of a plea in confession and avoidance, did not contradict the complaint, but supported and justified it, and was not a departure in pleading.

Action in the district court for Grant county to recover possession of certain crops or $250, their value, and for $100 damages. The substance of the pleadings is stated in the opinion. The reply was a general denial. The case was tried before Flaherty, J., and a jury which returned a verdict in favor of plaintiffs for $68.34. From an order denying defendant's motion to set aside the verdict or for a new trial, he appealed. Affirmed.

*James B. Ormond,* for appellant.

*F. W. Murphy* and *F. C. Anderson,* for respondents.

LEWIS, J.

This action was brought to recover possession of four hundred thirty-three bushels of wheat, four hundred seventy-two bushels of oats, and five hundred thirty-one bushels of flax, alleged to have been in appellant's possession in his granary on his farm, upon which respondents had filed a lien for the threshing bill, amounting to $133.-27, at the agreed price of ten cents per bushel for the wheat, six cents per bushel for oats, and fifteen cents per bushel for the flax.

[1] Reported in 129 N. W. 146.

In defense, the answer set up a contract that appellant agreed to pay the amounts per bushel above stated, in consideration of respondents' agreement to thresh all of appellant's grain, or crop, in the fall of 1906, and to furnish, free of charge, all the necessary teams, help, labor, and machines, and the necessary feed and supplies; that, in violation of the contract, respondents stopped threshing operations before completing the contract, hauled their machine away, and refused to finish the threshing.

Respondents replied by alleging that, a few days before the performance of the threshing stated in the complaint, the parties made and entered into an agreement as follows: Appellant represented that the straw of his crop was free from weeds; that it was nice and straight and had been harvested in due season; that the grain would yield as good crop as any respondents had so far been threshing; and that in consideration of such representations respondents agreed to thresh appellant's entire crop, provided they were able to earn, by the use of their machinery and crew, the gross sum of $110 per day, or $30 per day net, and, if respondents were unable to make that amount, then they were to complete the job at the rate above specified per bushel. Respondents threshed the amount of grain above stated, and discovered that the grain was not as represented, and that their operating expenses were $80 per day, and that they were unable to earn more than $60 per day, and so notified appellant of their inability to complete the contract at the above rates per bushel. Respondents stated they were ready and willing to proceed and complete the threshing at the rate above specified per day, and so notified appellant, but that he refused to pay that amount, and refused to carry out the contract, and ordered respondents to immediately remove their outfit and machinery from the premises.

The question is: Were the facts set up in the reply a departure from the cause of action stated in the complaint, and should respondents have been prohibited from introducing any evidence in support of the allegations in the reply? Our view of the answer is that it is in the nature of a plea in confession and avoidance. It admits that the number of bushels were threshed as stated in the complaint, but alleges that respondents were not entitled to recover anything

for such services, because they violated their agreement to thresh the entire crop.   The reply denies that such a contract was made, by pleading another contract.   If the facts stated in the reply were true, then respondents were entitled to recover, as alleged in the complaint. This reply supports and justifies the complaint, and does not contradict it.

Where the reply consists of new matter to meet defensive allegations of the answer, it cannot be construed as a departure from the complaint, unless the facts stated in the complaint are contradicted, and a new basis for relief is substituted for the complaint.   To constitute a departure in pleading, the party must depart from the case already covered, and have recourse to another.   Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Home Ins. Co., 64 Minn. 61, 66 N. W. 132; Rosby v. St. Paul, M. & M. Ry. Co., 37 Minn. 171, 33 N. W. 698; Estes v. Farnham, 11 Minn. 312 (423) ; Larson v. Schmaus, 31 Minn. 410, 18 N. W. 273; Johnson v. Hillstrom, 37 Minn. 122, 33 N. W. 547.

Affirmed.