# PATRICK FINN v. MODERN BROTHERHOOD OF AMERICA.[1]

June 21, 1912.

Nos. 17,685—(151).

**Reply — departure — evidence — estoppel.**

Action to recover the amount of a membership certificate issued by the defendant to the wife of the plaintiff, in which he was named as the beneficiary. The complaint made the certificate and the application a part thereof. Part 2 of the application was the report of the defendant's examining physician, in which it was stated in answer to two questions therein that the insured had never had a surgical operation and that she had not been attended by a physician since childhood. The answer alleged that such answers were untrue, and falsely and fraudulently made by the insured, with intent to deceive the defendant. The reply alleged that the insured was never asked the questions, and that she never answered them, but that the answers were written in the application by the physician, and that she never had any knowledge thereof. *Held* that:

1. The reply was not a departure, but was responsive to the defensive matter alleged in the answer.

2. The plaintiff was competent to testify that he was present at the examination of the insured, and that the physician did not ask her the questions.

3. Evidence tending to sustain the allegations of the complaint was not a violation of the rule that a written contract cannot be varied by parol evidence. The question of estoppel was for the jury, and was correctly submitted to them.

Action in the district court for Hennepin county to recover $2,000 upon a membership certificate in defendant. The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $2,108.32. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Elijah Barton,* for appellant.

*Rieke & Hamrum,* for respondent.

[1] Reported in 136 N. W. 850.

START, C. J.

The plaintiff brought this action in the district court of the county of Hennepin to recover the amount, $2,000, of a membership certificate issued by the defendant to his wife, Elizabeth Finn, hereafter referred to as the insured, in which he was named as the beneficiary. The complaint alleged the execution of the certificate, a copy of which, with the application therefor, was attached to and made a part of the complaint as Exhibit A, the death of the insured in good standing, and due proof thereof. Part 2 of the application, the defendant's examining physician's report, which was made by the certificate a part of the contract of the parties, included, with others, the questions and purported answers following: "Have you ever had any other disease or surgical operation? No. When and by what physician were you last attended, and for what complaint? Not since childhood."

The answer admitted the execution of the certificate, and that Exhibit A was a correct copy thereof, and alleged that the insured did in her application falsely and fraudulently, with intent to deceive the defendant, state that she had never had any surgical operation performed upon her, and did falsely and fraudulently, with intent to deceive the defendant, answer the question, "when and by what physician were you last attended, and for what complaint?" "Not since childhood."

The reply denied, except as therein admitted, the allegations of the answer, and alleged in effect that the insured was never asked the questions referred to, nor did she ever answer them; that the answers were written in the application by the defendant's physician; that the insured at his request signed the application, without reading it or knowing its contents; and, further, that such answers were those of the defendant, and not of the insured.

On the trial of the cause, evidence tending to establish the allegations of the reply was received over the objections of the defendant that it was a departure, that the evidence was inadmissible under the pleadings, and that one of the witnesses was not competent to testify as to the issue. There was also evidence, which was practically conclusive, tending to show that the insured, some two years prior to

making the application, had a surgical operation for tubercular glands of her neck, and was then treated by a physician. The defendant at the close of the evidence requested the court to direct a verdict for it, which was denied, exception taken, case submitted to the jury, and verdict returned in favor of the plaintiff for the amount claimed. There was no motion for a new trial, and judgment was entered on the verdict, from which the defendant appealed.

The defendant urges that the court erred in overruling its objection to the admission of evidence to sustain the reply, because it was a departure. A departure in pleading is when a party quits or departs from the case or defense which he has first made, and has recourse to another. Thus, where a complaint alleges and relies upon a complete performance of a contract, a reply admitting a failure to perform the contract, and alleging facts to excuse complete performance, is a departure; for the cause of action alleged in the reply is not based on performance of the contract, but upon new matter, which entitles the plaintiff to recover, although he did not completely perform the contract. The facts excusing nonperformance should have been alleged in the complaint. Trainor v. Worman, 34 Minn. 237, 25 N. W. 401; Boon v. State Ins. Co. 37 Minn. 426, 34 N. W. 902; Lane v. St. Paul F. & M. Ins. Co. 50 Minn. 227, 52 N. W. 649, 17 L.R.A. 197. See also James v. City of St. Paul, 72 Minn. 138, 75 N. W. 5, Hoxsie v. Kempton, 77 Minn. 462, 80 N. W. 353, and Strauch v. Flynn, 108 Minn. 313, 122 N. W. 320.

On the other hand, where the reply consists of new matter to meet defensive allegations of the answer, it is not a departure from the complaint, unless it contradicts the facts upon which the cause of action alleged in the complaint is based, and a new basis for relief is substituted for that alleged in the complaint. Thus, where the complaint alleged a cause of action for damages for a breach of contract made by the parties, the reply admitted that plaintiff signed the contract, but alleged that it was not the actual agreement of the parties, and that the plaintiff was induced to sign it by the fraud of the defendant, it was held that the reply was not a departure. Rosby v. St. Paul, M. & M. Ry. Co. 37 Minn. 171, 33 N. W. 698. See also Minneapolis, St. P. & S. Ste. M. Ry. Co. v. Home Ins. Co. 64 Minn.

61, 66 N. W. 132, and Johnson v. Fehsefeldt, 113 Minn. 118, 129 N. W. 146.

The instant case fairly falls within this last line of cases; for the reply contained new matter to meet the defensive allegations of the answer to the effect that the plaintiff falsely answered the questions. The evidence to sustain the reply was admissible, and did not violate the rule that written contracts cannot be changed by parol evidence. Kausal v. Minnesota F. M. F. Ins. Assn. 31 Minn. 17, 16 N. W. 430, 47 Am. Rep. 776.

The plaintiff was called as a witness in his own behalf, and testified that he was present when the insured was examined by the defendant's physician, Dr. Fischer, and was permitted, over the defendant's objection, to testify to the effect that the doctor did not ask the insured the questions which the defendant claims were falsely answered by her. This ruling is urged as error, for the alleged reason that it was not competent for the plaintiff to give evidence concerning any conversation with the deceased, and that it was in violation of section 4663, R. L. 1905. It is clear that the evidence was not within the letter of the statute, for the plaintiff simply testified as to what the doctor, not the deceased, did not do, which was not a conclusion drawn by the witness from any conversation; nor was it a violation of the spirit of the statute, which must be strictly construed, as it is an exception to the general rule of competency. Acts of a deceased party, although they may in law have the effect of admissions, may be testified to by an interested party. Chadwick v. Cornish, 26 Minn. 28, 1 N. W. 55; Livingston v. Ives, 35 Minn. 55, 62, 27 N. W. 74; Hall v. Northwestern E. & L. Assn. 47 Minn. 85, 49 N. W. 524; Veum v. Sheeran, 95 Minn. 315, 104 N. W. 135.

It is also contended that the plaintiff is conclusively estopped to deny that the disputed answers to questions in the application were not the answers of the insured by the retention by her of the certificate without objection. This question was submitted to the jury with clear instructions to which neither party excepted at any time. We are of the opinion, based upon the whole evidence relevant to this ques-

tion, that whether she was estopped as claimed was a question for the jury.

Judgment affirmed.

HOLT, J., having tried the case in the court below, took no part.