9888.  GARNETT, administrator, *v.* ROYAL INSURANCE
COMPANY LIMITED.

1. A policy of fire insurance issued to one who has only a life-estate in the property insured is inoperative as to loss occurring after his death, since the termination of the life-estate by his death terminates his insurable interest in the property.

2. "A deed, signed, sealed, and delivered, and expressing a valuable consideration on its face, imports a legal consideration; and the maker is estopped from alleging or proving the contrary to defeat the deed as title, if to do so involves setting up his own turpitude, and convicting himself of a deliberate intent to defraud his creditors." *Parrott* v. *Baker*, 82 *Ga.* 373 (9 S. E. 1068).

(*a*) "Where a properly executed deed, purporting on its face to have been delivered, was recorded, this raises a presumption of delivery." *Shelton* v. *Edenfield*, 148 *Ga.* 128 (96 S. E. 3).

(*b*) If there be any reason why the deed in question could be set aside, it cannot be accomplished by a collateral attack in a suit in which the grantee is not a party. *Moore* v. *Mobley*, 123 *Ga.* 424 (51 S. E. 351).

DECIDED FEBRUARY 12, 1919.

Action on insurance policy; from Tattnall superior court—Judge Sheppard.  May 25, 1918.

*W. T. Burkhalter*, for plaintiff.

*King & Spalding, Collins & Stanfield*, for defendant.

LUKE, J.  In order that the first headnote may be better understood, it may not be amiss to briefly state the salient facts of the case, and our reasons for the decision here made.  G. R. Garnett, as administrator of the estate of J. U. Rowe, brought suit against the Royal Insurance Company Ltd., on an insurance policy issued by the defendant company in favor of Rowe, and subsequently transferred by him, with the consent and approval of the insurance company, to Mrs. Della Easterling, and transferred by her to the plaintiff, for value, after the loss of the insured property.  The defendant's answer admitted the issuance of the policy, but denied any and all liability, on the ground that at the time of the issuance of the policy the assured had no title to the property insured, save only a life-estate, having previously conveyed the property to Mrs. Sallie Easterling by fee-simple warranty deed, reserving only a life interest therein, and that prior to the fire the assured died, thereby terminating his life-estate, and all insurable interest which he had in the property ceased, causing the policy to become of no legal effect.  When the evidence adduced on the trial was all in, and after both sides had closed, the trial judge,

on motion of counsel, directed a verdict in favor of the defendant; to which the plaintiff excepted.

The record shows that the policy sued on was dated September 1, 1913, and that on that date Rowe had only a life-estate in the property insured, as he had conveyed the legal title to Mrs. Sallie Easterling on January 10, 1908, reserving for himself a life interest only. On December 16, 1915, he conveyed his interest in the property to Mrs. Della Easterling. He died on March 13, 1916. After his death the property was destroyed by fire. Upon the conveyance of his interest in the property to Mrs. Della Easterling, she became the possessor of an estate pur auter vie; and upon the transfer of the policy—consented to and approved by the insurance company—a new contract was created between Mrs. Easterling and the company, in which she became the assured instead of Rowe. See *Hughes* v. *Hartford Fire Ins. Co.*, 144 *Ga.* 740, 741 (87 S. E. 1042). A contract of fire insurance is one of indemnity. It is wholly personal to the assured, and has no connection with the property insured except to fix the amount of the indemnity. If the insured parts with the property as to which he seeks indemnity, the contract necessarily is at an end; and were he to assign the contract under these circumstances, no right of action whatever could grow out of it to the assignee. However, if the insurer is informed of the cessation of the interest of the assured and its transfer to another, and thereupon accepts the transferee as the assured, this is a new contract to pay, the former insurance being only used to show the terms on which the insurance was effected. See Virginia-Carolina Chemical Co. *v.* Insurance Co., 108 Fed. 451, 456.

Rowe having conveyed his life interest in the property insured, he no longer had any insurable interest therein, and in fact ceased to be a party to the contract. The transfer of the policy by Rowe to Mrs. Easterling, and the conveyance of his interest in the property to her, operated to make the insurance cover the interest of Mrs. Easterling, to wit, her estate for the life of Rowe. Therefore, the legal effect of his death was to terminate the interest of Mrs. Easterling in the property, and consequently she ceased to have any insurable interest therein. In other words, at the time the property was destroyed by fire, which was subsequent to the death of Rowe, the entire title to the property was in Mrs. Sallie Easter-

ling, since the life-estate of Rowe, which he conveyed to Mrs. Della Easterling, terminated upon his death. Mrs. Della Easterling having, therefore, no interest in the property at the time of its destruction by fire, suffered no loss, and her subsequent transfer of the policy to Garnett, administrator of the estate of Rowe, conveyed no rights whatever to him.

The contention of the plaintiff that the insurance company was estopped from setting up the defense that the policy in question was of no legal effect, since the company knew that the assured had only a life-estate in the property insured, is of no consequence, for even if it be true that the company at the time of the issuance of the policy had notice of the true status of the title, this could not in anyway operate to change the controlling fact that the assured had only a life-estate in the property insured, which terminated with his death; and, the loss having occurred subsequently thereto, the policy was of no legal effect. To sum up the whole matter, the assured, at the time of the loss, had no insurable interest in the property insured, and our statute (Civil Code, § 2472) declares that in order to sustain "any contract of insurance, it *must* appear that the insured had some interest in the property insured."

Under the facts in this case, the trial judge, therefore, did not err in directing a verdict for the defendant company.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*