CLASIENA FORNEY AND OTHERS v. FARMERS MUTUAL FIRE INSURANCE COMPANY OF NORTH FORK.[1]

June 20, 1930.

No. 27,889.

[1]Reported in 231 N. W. 401.

*Frank J. Zima,* for appellant.
*H. Zander,* for respondents.

WILSON, C. J.

Defendant appealed from an order denying its motion for judgment non obstante or a new trial.

A farm was deeded to "Jesse C. Forney and Clasiena Forney, or the survivor of either." They were husband and wife. A barn on the premises was insured with defendant, a farmers township mutual insurance company. The first five-year policy expired March 3, 1926. On March 26, 1926, a new policy was issued. Like the prior one, it was issued in the name of J. C. Forney. Mr. Forney died September 26, 1926. Soon thereafter Clasiena Forney wrote a letter to the treasurer of defendant informing him of the death of Mr. Forney, and she asked that the policy be transferred to her name. She sent along the amount of the assessment of October 16, 1926. This premium was retained. The treasurer answered, sending a receipt for the money, and informed Mrs. Forney

that it would not be necessary to transfer the policy to her name, that she was protected under the old policy, and that in case of loss the money would be paid to the right party. In November, 1927, Mrs. Forney paid the treasurer the assessment of October, 1927. This money was retained and a receipt given therefor.

On November 28, 1927, the barn burned. The defendant was notified. Its officers investigated the loss, and its adjusters fixed the amount at $1,200 and the amount to be paid at $800, though not determining the question of liability. Defendant's president and its secretary were two of the adjusters; Joseph Ebensteiner was the other. The adjusters prepared the papers and caused Clasiena Forney to sign them as the administratrix of her husband's estate. This action is to recover the $800.

■ Appellant's counsel claims that Mr. and Mrs. Forney were joint tenants. Respondent's counsel denies this and claims that a deed so drawn does not meet the requirements of G. S. 1923 (2 Mason, 1927) § 8074. The purpose of appellant's assertion is to show that upon the death of Mr. Forney Mrs. Forney became the sole owner of the land, its claim being that Mr. Forney's insurable interest ceased upon his death and that thereafter there was no valid contract of insurance and hence defendant is not liable.

We need not decide whether Mr. and Mrs. Forney were technically joint tenants under the language of the deed. It is plain that the element of survivorship was present and that it was the intention of the parties that the survivor was to own the land in fee. Such is the language of the deed. It follows that upon the death of Mr. Forney no title to land passed to his heirs. The language of the deed put the title in Mrs. Forney, and she became the sole owner in fee.

■ Appellant's theory is that since Mr. Forney died and nothing passed to his estate there was no insurable interest, Garnett v. Royal Ins. Co. Ltd. 23 Ga. App. 432, 98 S. E. 363; that the policy ceased to exist and the contract of insurance was thereby terminated. Were it not for the things now to be mentioned this conclusion would be both logical and reasonable. The difficulty is this: Mrs. Forney, upon becoming the sole owner of the property

in fee, advised the defendant thereof and requested the policy to be transferred to her. In the same letter she paid the October, 1926, assessment. The money was acceptable and retained. She was also told that the transfer was unnecessary; that she was protected under the old policy and that in case of loss the money would be paid to the right party. She relied thereon. A year later she paid the October, 1927, assessment. This money was also acceptable and retained. Her transactions were with the treasurer, who was the proper man to receive the money.

Defendant must have known its own rights and that Mrs. Forney was acting upon a mistaken notion of her legal rights and because of its affirmative acts as mentioned. The point is made that the treasurer was not a director nor one authorized to make contracts of insurance. He was the company's officer and agent to receive its money and to act for it. He assumed to act for defendant. It was within defendant's power to transfer the policy as requested. Defendant affirmed the acts of its treasurer in accepting and retaining the money. It cannot therefore disaffirm as to the residue of his conduct. It would be unconscionable to permit defendant now to maintain a position inconsistent with that in which it has led and lulled Mrs. Forney into the belief that her insurable interest was insured. Having such insurable interest, the contract which she sought by having the policy transferred to her was not only a legal and permissible one, but it was the usual and ordinary one. She is a farm woman without business experience. The facts are such that defendant is estopped from now claiming that Mrs. Forney does not have such contract of insurance. 2 Dunnell, Minn. Dig. (2 ed.) § 3185; Farmers & M. State Bank v. Huschke, 165 Minn. 71, 205 N. W. 637; Crane Co. v. Advance P. & H. Co. 177 Minn. 132, 224 N. W. 847; Clearwater County State Bank v. Bagley-Ogema Tel. Co. 116 Minn. 4, 133 N. W. 91, 36 L.R.A.(N.S.) 1132, Ann. Cas. 1913A, 622.

■ Defendant claims that the doctrine of estoppel does not apply to a mutual insurance company. The weight of authority is to the contrary. Johnson v. Modern Brotherhood, 109 Minn. 288, 123

N. W. 819, 27 L.R.A. (N.S.) 446; 1 Joyce, Insurance (2 ed.) p. 170, § 34; Farmers Mut. Fire Ins. Co. v. Jackman, 35 Ind. App. 1, 73 N. E. 730.

■ By the terms of the policy, loss is payable within 90 days after proof is given by the assured. The premises were sold on mortgage foreclosure sale March 12, 1927, from which no redemption has been made. The by-laws, which are made a part of the policy, provide that the company reserves the right to rebuild. Defendant now says that it had the option to rebuild "within a reasonable time," and since title has been lost by foreclosure no right exists to rebuild thereon and hence no liability. A denial of liability, together with its failure to indicate in its answer or otherwise its willingness to rebuild, must be and is construed as an extinguishment of its optional privilege. But aside from that, defendant's position is not tenable because had the building not burned it may have been that the redemption would have been made. The loss was real.

■ The complaint states a cause of action based upon the original contract of insurance and the subsequent events. The answer set up the deed claiming the parties to be joint tenants and thereby attempting to escape liability. The reply met this by pleading facts constituting the estoppel.

The reply supports the complaint and defends it against the assaults in the answer. The reply does not contradict the complaint. It does not substitute a new basis for relief. Plaintiff's claim rests primarily on the facts stated in the complaint. The reply merely met the answer. There was no departure. Johnson v. Hillstrom, 37 Minn. 122, 33 N. W. 547; Rosby v. St. P. M. & M. Ry. Co. 37 Minn. 171, 33 N. W. 698; Johnson v. Fehsefeldt, 113 Minn. 118, 129 N. W. 146; Finn v. Modern Brotherhood, 118 Minn. 307, 136 N. W. 850.

■ Much confusion has been injected into the record because Mrs. Forney as administratrix and individually and all her children are plaintiffs. The denial of the defendant's efforts to compel an election on the part of the plaintiffs as to who was entitled to

prosecute the action is without prejudice. The judgment to be entered herein should be in favor of Clasiena Forney individually only.

Affirmed.

