JOHN S. N. SCHMIDT *vs.* HENNEPIN COUNTY BARREL COMPANY.

### September 11, 1886.

Corporations—Lien on Stock for Debt of Stockholder.—The lien given to a corporation upon stock, for debts due it from the stockholders, by Gen. St. 1878, c. 34, §§ 114, 135, attaches whether the debt accrued before or after he acquired the stock.

The plaintiff brought this action in the district court for Hennepin county, to recover the value of four shares of the stock of the defendant, alleged to have been unlawfully appropriated by the defendant. The action was tried by *Lochren,* J., who found the facts to be as follows: On May 25, 1883, one Beach, being the owner of the shares in question, assigned them to the plaintiff as security for a debt. This indebtedness not being paid, plaintiff recovered judgment against Beach, and caused the shares in question to be levied upon and sold on execution, the plaintiff becoming the purchaser. Since such purchase the defendant has refused to transfer the stock to plaintiff, or to account to him for dividends accruing thereon. On and prior to May 25, 1883, Beach was indebted to the defendant in the sum of $472 for money loaned, and no part of this indebtedness has been paid. The defendant claims a lien upon the shares in question for this indebtedness, and is ready and willing to transfer the shares whenever it is paid. Upon these facts the court directed judgment for defendant, and plaintiff appeals from an order refusing a new trial.

From the evidence it appears that the indebtedness of Beach to the defendant was created in January, 1883, and that a portion of the shares were issued and paid for in May, 1883.

*Merrick, Davenport & Thian,* for appellant.

*Hooker & Nunn,* for respondent.

GILFILLAN, C. J. The defendant is a corporation, created under Gen. St. 1878, *c.* 34, title 2. It issued stock (four shares) to one Beach, who, as is found by the court below, and is clearly proved by the evidence, prior to that time owed, and continued to owe, the company an amount exceeding considerably the par value of the stock. The only question made in the case is, had the corporation a lien on the stock for its debt?

It is difficult to see how it can be made a question, under the definite language of the statute:

"Sec. 114.  *  *  *  Such corporation shall, at *all times,* have a lien upon the stock or property of its members invested therein, for *all* the debts due from them to such corporation."

The language of section 135, giving a lien, is precisely the same; so that it does not matter whether this corporation was formed under that part of the title commencing with section 109 or that part commencing with section 120. The provisions of section 155, and the following sections, have nothing to do with the case, for the corporation did not organize under them.

There is nothing in the language quoted to suggest (what plaintiff claims here) that the lien is confined to stock owned by the stockholder at the time when the debt was incurred, and does not apply to subsequently-acquired stock. Of course there is no lien on stock until the debtor holds it,—until indebtedness to the corporation and ownership of stock concur. Whenever they do concur the lien attaches. The corporation shall, "at *all times,*" have a lien for "all the debts due," without reference to when they were incurred, nor when the stock was acquired.

There is nothing in the suggestion that the defendant waived its lien. No facts are found from which a waiver could be inferred.

Order affirmed.