JULIA C. R. DORR v. LIFE INSURANCE CLEARING COMPANY.[1]

January 4, 1898.

Nos. 10,750—(182).

Corporation—Lien on Stock—G. S. 1894, § 2799—Valid against Third Persons—Waiver.
  The lien given by G. S. 1894, § 2799, to a corporation upon the stock of a stockholder for all debts due from him is valid and enforceable against all the world, unless it has been waived, surrendered or lost in some sufficient manner. An assignment or sale of the stock to a person ignorant of the lien will not discharge it.

Same—Sufficiency of Evidence.
  *Held*, that there was no waiver, or surrender, or loss of this lien shown upon the trial of this cause.

Appeal by plaintiff from an order of the district court for Ramsey county, Otis, J., denying her motion for a new trial. Affirmed.

[1] Reported in 73 N. W. 635.

*William G. White,* for appellant.
*Munn & Thygeson,* for respondent.

COLLINS, J.

This was an action to establish a lien claimed by plaintiff upon 29 shares of defendant's capital stock, the certificates therefor having been executed, issued and delivered to one Russell R. Dorr as an original subscriber for stock shares in defendant corporation. It was plaintiff's claim that Dorr had pledged these stock shares to her to secure an indebtedness for money borrowed with which to pay for them when issued. The defendant corporation asserted a lien upon the shares, alleged to be superior and paramount, for and on account of an indebtedness due to it from Dorr arising out of his failure to pay for his stock shares. The cause was tried below with that of St. Paul v. Life Ins. Co., infra, page 123, in which the same kind of relief was demanded, and is closely connected with it, although the facts here are much less complicated.

From the findings it appears that, prior to the incorporation of defendant, Dorr borrowed three thousand dollars of plaintiff for the purpose of paying for stock shares then subscribed for, agreeing to secure the loan by pledging the shares so paid for as collateral security. After the incorporation he made an arrangement with the defendant by which it agreed to accept his notes, secured by real-estate mortgages, in part or in full payment for these and other stock shares, but, to evade the statutory regulation requiring payment in cash, defendant, by its board of directors, voted a nominal loan to Dorr for the amount of his notes. This part of the transaction was in form, but not in fact, a loan to Dorr. Defendant then accepted the notes and mortgages, and issued and delivered to Dorr the certificates, three in number, representing the 29 shares of stock, and he, in accordance with his agreement with plaintiff, assigned and delivered the same to her as collateral security.

Until shortly prior to the commencement of this action, defendant corporation had no notice or knowledge of this transaction between plaintiff and Dorr. Later, under some arrangement for reducing defendant's capital stock, Dorr returned these three certificates for surrender and cancellation. In lieu thereof another

certificate for a less number of shares was executed by defendant to Dorr, and issued and delivered to one William R. Dorr, acting as agent for plaintiff and Russell R. Dorr. This certificate was accepted in lieu of the others. At the time of this transaction defendant had no notice or knowledge of plaintiff's interest in these stock shares, or that the same had been assigned to her, or that William R. Dorr was acting as her agent in the matter. Dorr defaulted in the payment of his notes secured by the mortgages, and this action was the immediate result of defendant's attempt to foreclose its alleged lien by a sale of the stock shares at public auction.

Four points are made in the brief of counsel for plaintiff (appellant): First, that the stock in question was "full paid," whatever that may mean; second, that as between plaintiff and defendant the latter had allowed the former to believe that the stock shares were fully paid for, and is now estopped from asserting a claim that they were not; third, that, if defendant ever had any lien upon these stock shares, it has been waived as to plaintiff; and, fourth, that as Dorr, who became president of defendant corporation at its organization, had knowledge of the entire affair with plaintiff, his knowledge must be imputed to defendant, and the findings in respect to its want of notice or knowledge until just prior to the commencement of this action were, therefore, unsupported by the evidence.

We need not take up these points in detail. G. S. 1894, § 2799, provides that the stock of a corporation of this character shall be transferable only on the books of the corporation in such form as the directors prescribe, and that the

"Corporation shall at all times have a lien upon the stock or property of its members invested therein, for all the debts due from them to such corporation, which may be enforced" by sale.

There was no controversy over the fact that Dorr had not paid his notes, and, with this admitted, it is obvious that he was indebted to the defendant, for which indebtedness it had the right to enforce the statutory lien. The statute is notice to every one of the right of a corporation to a superior and paramount lien on stock shares for the indebtedness of a stockholder. Its operation

is very comprehensive. The assignee or pledgee of the stock takes it subject to the statutory right of the corporation. He cannot acquire any greater rights than had the stockholder himself.

When, by general law, a lien is given to a corporation upon the stock of a stockholder in the corporation for his indebtedness to it, that lien is valid and enforceable against all the world, unless it has been waived, surrendered or lost in some sufficient manner. An assignment or sale of the stock to a person ignorant of the lien will not discharge it. The authorities seem to be uniform upon this subject. Cook, Stockh. § 532; 23 Am. & Eng. Enc. 695, and cases cited in notes. See, also, Schmidt v. Hennepin, 35 Minn. 511, 29 N. W. 200.

There was no waiver, or surrender, or loss of this lien shown in this case. The findings as to defendant's want or lack of notice or knowledge of the transaction between plaintiff and Dorr were fully sustained by the evidence, and, with these findings unassailable, there is nothing left of the contention of counsel as to the remaining points.

Even if it should be held that notice or knowledge of the transaction between Dorr and plaintiff, whereby he secured the loan upon a promise to pledge the stock shares subscribed as collateral, could be material or effectual as to defendant corporation, there are two good reasons why such notice or knowledge cannot be imputed to it: First, when the loan was made and the money obtained, Dorr was not its president, for it had not then been organized; second, had he been president at the time, he was acting in his own interest and behalf. Under such circumstances the defendant corporation could not be charged with the knowledge of its presiding officer. Bang v. Brett, 62 Minn. 4, 63 N. W. 1067.

Order affirmed.