## WILLIAM N. CUMBEY v. ANDREAS UELAND.

June 6, 1898.

Nos. 11,002—(73).

**Insolvency—Transfer of Notes by way of Preference—Renewal of Notes by Preferred Creditor—Conversion.**

> An insolvent debtor transferred and indorsed to his creditor, a bank, two promissory notes of a third party, to be applied as a payment on his indebtedness to it. The transaction was a preference, and nine days thereafter the debtor made an assignment in insolvency. When the notes matured the maker thereof was solvent, but the bank, instead of collecting them, took new notes therefor, signed by the maker only, payable to itself, due in the future, and surrendered the original notes. Afterwards both the maker of the notes and the bank became insolvent, and a receiver was appointed for the latter. The renewal notes were never paid. The assignee of the debtor presented a claim against the estate of the bank for the value of the notes so received as a preference, renewed and surrendered by it. *Held*, that the bank, as against the assignee, converted the notes to its own use, and that its receiver was not entitled to return the renewals to the assignee in discharge of its liability.

**Same—Election of Remedies—Estoppel.**

> *Held*, that neither the doctrine of election of remedies nor of estoppel has any application to the facts of this case.

Appeal by Andreas Ueland, as receiver of Washington Bank, from an order of the district court for Hennepin county, Johnson, J., allowing a claim for $11,422 against the estate of said bank in favor of William N. Cumbey, as assignee of Weitzner, Gruenberg & Co., insolvents. Affirmed.

*A. Ueland,* for appellant.

A transfer of property by way of preference is not unlawful in the same sense as a fraudulent sale, but the creditor has a right

to receive and hold the property until an assignee or receiver under the insolvent act asserts a claim to it. Mackellar v. Pillsbury, 48 Minn. 396; Fisher v. Utendorfer, 68 Minn. 227. The property itself must be recovered, and only when this cannot be done, its value. Clerihew v. West Side Bank, 50 Minn. 538. Hence a demand for the property by the assignee is the foundation of his right to sue for the property, and a refusal to comply with such demand is the basis for charging a conversion of it. Hay v. Tuttle, 67 Minn. 56. The bank must be found always to have dealt lawfully with the notes, for the assignee evinced no desire to have them, or anything on account of them, before he made his claim in the receivership. If the bank's receiver could have tendered the original notes the assignee would have had no other claim. The assignee has no right to refuse to take the renewal notes instead of the originals. The real thing—the property—is the debt. The notes are only the evidence. Bragg v. Gaynor, 85 Wis. 468, 487; Owen v. Miller, 10 Oh. St. 136, 144. Substituting for a debt one kind of evidence in place of another is not conversion. School District v. Zink, 25 Wis. 636. If the taking of renewal notes was a conversion, it was only so in a technical sense. But the courts disregard technical conversions, and refuse to hold the party so charged for the value of the property if he offers to turn it over. Rutland & W. R. Co. v. Bank, 32 Vt. 639; Bucklin v. Beals, 38 Vt. 653; Churchill v. Welsh, 47 Wis. 39; Acraman v. Cooper, 10 M. & W. 584; Carpenter v. American B. & L. Assn., 54 Minn. 403.

When the assignee brought suit to hold the bank as a fraudulent vendee for the conversion of the merchandise for which the notes were given, he thereby attacked the validity of the debt and of the notes, and elected his remedy. He should not be allowed afterwards to assert a claim on a conflicting theory. Farwell v. Myers, 59 Mich. 179; Thomas v. Watt, 104 Mich. 201. He had his election to demand the notes, which would have conceded the validity of the sale, or to attack the sale. but he could not do both. Hathaway v. Brown, 22 Minn. 214. The assignee is estopped from charging a conversion of the consideration of the sale while he was prosecuting a claim for the property sold.

*A. B. Jackson*, for respondent.

The preferential transfer when ascertained and adjudged to be void was void as of the date it was made, and the bank was therefore chargeable with the value of the use of the property and also for any damage or waste done to the property while in its possession. Thompson v. Johnson, 55 Minn. 515. The course pursued by the bank with the notes constituted a conversion. 4 Am. & Eng. Enc. 108; Hossfeldt v. Dill, 28 Minn. 469; Cooley, Torts, 448; Harris v. Cable, 104 Mich. 365. The debt now held by the bank is not the same debt evidenced by the original notes. Childs v. Pellett, 102 Mich. 558. The mere attempt to pursue a remedy or claim a right to which a party is not entitled, without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that which he had originally a right to resort to. In re Van Norman, 41 Minn. 494; Mills v. Parkhurst, 126 N. Y. 89; Crossman v. Universal R. Co., 127 N. Y. 34; Johnson-Brinkman C. Co. v. Missouri P. R. Co., 126 Mo. 344; Smith v. Bricker, 86 Iowa, 285. There was no estoppel.

START, C. J.

The here material facts, as disclosed by the record, are: On March 18, 1895, the firm of Weitzner, Gruenberg & Co. transferred its stock of merchandise to Peter P. Swensen, and received therefor his two promissory notes for $5,000 each, with interest at 8 per cent. per annum, due in four and six months, respectively. The firm indorsed and transferred these notes to the Washington Bank, which was then a creditor of the firm to the amount of about $23,000, to be applied as a payment on such indebtedness. The firm was then insolvent, to the knowledge of the bank, and the notes were so transferred with intent to prefer the bank, and such transfer was a preference within the meaning of the insolvency law of the state. When the notes were transferred and matured, the maker thereof, Swensen, was solvent, and the notes could then have been collected from him. They were never paid, but the bank renewed them at maturity, taking therefor new notes signed by Swensen and surrendering the notes so indorsed and transferred.

to the bank. Interest was paid on the notes by the checks of Swensen to the amount of $739.99.

Shortly after the transfer of the notes to the bank, and on March 27, 1895, the firm made an assignment of its property for the benefit of its creditors, pursuant to the insolvency law, to Frank W. Davis, and the respondent was appointed assignee in his place, April 2, 1895, and is still such assignee. After the bank had so surrendered the notes, and taken new notes from Swensen in place thereof, the respondent, as assignee, commenced an action against Swensen, the bank, and the firm to set aside the transfer of the merchandise of the firm to Swensen, claiming that it had been made to defraud creditors and for the purpose of securing a preference to the bank. Thereafter, and before this action was tried, Swensen made an assignment in insolvency, and the bank proved a claim against his estate on account of the renewal notes, which was allowed. The bank became insolvent, and the appellant was appointed receiver thereof December 26, 1896. The respondent thereafter dismissed his action, and presented his claim to the receiver of the bank for the full value and interest of the two notes transferred to it by his assignors as a preference. The claim was disallowed, but the receiver at the same time offered to turn over the renewal notes, the claim against Swensen's estate, and cash to cover the interest for which checks had been taken. No demand for the notes was made either of the bank or receiver before the claim was made in the receivership.

After the receiver disallowed the claim, the matter was brought before the district court by motion, no objection being made to the procedure, and the court made its order allowing the claim against the estate of the bank to the extent of the value of the notes respectively at the date of the maturity and surrender of each to the maker. The receiver appealed from this order. He here claims that the order was erroneous, because (a) the bank did not convert the notes to its own use, but, if it did, the conversion was technical, and should be disregarded; (b) the assignee elected his remedy when he sued for the merchandise which was the consideration for the notes, and should not now be permitted to pursue

another and inconsistent remedy; (c) he is estopped from claiming a conversion of the notes.

1. The important question in this case is whether the Washington Bank actually converted the Swensen notes. The transfer of the notes was valid as between the parties to the transaction, but voidable at the instance of the assignee. His remedy was to demand a return of the notes, and he is not entitled to their value unless the bank actually converted them. Clerihew v. West Side Bank, 50 Minn. 538, 52 N. W. 967; Hay v. Tuttle, 67 Minn. 56, 69 N. W. 696. But this rule does not mean that a creditor of an insolvent receiving property as a preference may use it so as to make material gains out of it, or permit it by his negligence to become seriously depreciated in value, and then return it in its depreciated or worthless condition to the assignee in full discharge of his liability. A judgment declaring a preferential transfer void relates back to its date, so that the transferee may be charged with the value of the use of the property and for damages to it while in his possession. Thompson v. Johnson, 55 Minn. 515, 57 N. W. 223. The maker of the notes being solvent when they matured, and the notes of the actual value of the amount then due thereon, and the bank having renewed them for its own benefit or to accommodate the maker, it ought not to be allowed to tender back the comparatively worthless renewals in discharge of its liability. We, however, place our decision in this case upon the broad ground that there was, as against the assignee, an actual conversion of the notes.

The firm of Weitzner, Gruenberg & Co., the transferror of the notes, made an assignment in insolvency nine days after this preference was made, and thereafter the bank held the notes subject to the right of the assignee to avoid the preference. They were then no longer the absolute property of the bank, but it held them contingently as trustee for the assignee; that is, for him in case he called for them. The bank treated the notes as if they were its absolute property, dealt with and exercised dominion over them in a manner inconsistent with the rights therein of the assignee, and voluntarily put it beyond its power to restore to the assignee that which he was entitled to in case he called for it. By the renewal

of the notes, and the extension thereby of the time of payment of the debt, instead of collecting it, and by surrendering the original notes and taking in place thereof other notes essentially different as to parties and time of payment, the bank exercised acts of dominion over the notes and the debt of which they were the evidence wholly inconsistent with the rights of the assignee. This was an actual conversion. Cooley, Torts, 448; Hossfeldt v. Dill, 28 Minn. 475, 10 N. W. 781.

If the assignee had demanded the original notes when they became due, and the bank had tendered him the renewals, evidencing a debt not due and not collectible until some future time, would he have been bound to accept them as a satisfaction of his demand? Would he not have had the legal right to say: "The notes I demand are now due, the maker is solvent, whatever may be the case as to the indorser, and I can now collect the debt if I can obtain the notes; but you have dealt with them as your own; you have placed it beyond your power to give me the notes or transfer to me the debt which they represent, so that I may collect it; therefore I decline to receive these other notes which you tender, and assume the risk of the continuing solvency of the maker?" And would not the assignee then have been entitled to recover from the bank the value of the notes, on the ground that it had actually converted them to its own use? These questions can be answered only in the affirmative. The fact that the assignee did not make such a demand cannot change the quality or modify the legal effect of the previous acts of the bank in dealing with the notes as its absolute property.

2. The doctrine of election of remedies has no application to the facts of this case. The mere fact that the assignee brought an action claiming to recover the merchandise which was the consideration for which the notes were given, and dismissed the action before trial without having obtained any relief therein, does not disentitle him to recover the notes from the bank as a preference. In re Van Norman, 41 Minn. 494, 43 N. W. 334; Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811.

3. The assignee is not estopped in this case from claiming that the transfer of the notes to the bank was a preference by the fact

that he commenced an action to recover the merchandise for which they were given. The action was not commenced until long after the bank had converted the notes to its own use by renewing them.

Order affirmed.