ETHEL JOHNSON v. MODERN BROTHERHOOD OF AMERICA.[1]

December 17, 1909.

Nos. 15,967—(3).

**Benefit Insurance — Dangerous Employments — By-Laws.**

The by-laws of a fraternal beneficial insurance association prohibited the acceptance as members of persons engaged in certain extra-hazardous employments, and provided that, if the certificate holder entered any such employment after becoming a member, he might, by filing a written waiver of liability because of such increased hazard, continue his certificate, except as to injury or death directly traceable to the prohibited occupation. *Held*, that if, after notice and without the filing of the written waiver, the association continued to receive and retain assessments, the certificate would be continued in force without amendment.

Action in the district court for Ramsey county to recover $1,000, upon a benefit certificate issued by defendant corporation upon the life of plaintiff's husband. The complaint alleged that the deceased, contrary to the conditions of the by-laws, was employed for eighteen months in the manufacture and sale of intoxicating liquor and defendant, with full knowledge and notice of such employment, did demand and accept his monthly dues and assessments, and by its conduct waived compliance with the by-laws; that from September 20, 1907, until his death on November 10, 1907, deceased was employed as a railway switchman and defendant, with full knowledge of such employment, did accept his monthly dues and assessments and by its conduct waived compliance with the by-laws. The answer alleged that by the certificate it was agreed that, if the deceased should enter upon the employment of a railway switchman, in that case the certificate should be forfeited by such act, and that by reason of such occupation the certificate was null and void. The case was tried before Kelly, J., who directed a verdict in favor of defendant. From an order denying plaintiff's motion for judgment notwithstanding

[1]Reported in 123 N. W. 819.

the verdict or for a new trial, she appealed.  Reversed and new trial ordered.

*Wondra & Helm* and *Richard A. Walsh,* for appellant.

*Arthur J. Stobbart,* for respondent.

O'BRIEN, J.

The plaintiff's husband was the holder of an insurance certificate issued by the defendant, a fraternal insurance association, on March 25, 1903.  The certificate in which plaintiff was named as beneficiary contained this provision:

"5.  If said member enters upon or follows any of the employments or occupations enumerated in section A-1, division X, of the supreme lodge by-laws of this society, now in force or as hereafter amended, this certificate shall thereupon be forfeited by such acts, and the same shall be null and void, except as otherwise provided in said by-laws."

The by-law referred to was:  "Section A-1.  [Division X.]  Persons engaged in the following kinds of business or employments shall not be eligible to membership in this society, except as social members and as herein provided:  * * *  Switchman.  * * *  If a person engages in any of the employments or occupations herein enumerated, after becoming a member of this society, his benefit certificate by such act shall become null and void:  Provided, however, that a member may, without invalidating his benefit certificate, be employed in any of the vocations above enumerated, if he shall, before entering upon any of the above occupations, file with the supreme secretary a written waiver of any liability of this society upon his benefit certificate founded upon the death or injury of such member, while engaged in such prohibited occupation, from any cause traceable to his employment, and in such case claimant must show affirmatively that the death or injury is not traceable directly or indirectly to the member's employment in such prohibited occupation."  * * *

The insured was accidentally killed November 10, 1907, while performing his duty as a railroad switchman, a prohibited occupation, in which he had been engaged since the twentieth day of the prior September.  He was an officer of the local or subordinate lodge of which

he was a member, and did not, when becoming a switchman, execute the waiver provided for in the by-laws, but continued to be a member in good standing until his death. There was at least some evidence that the secretary of the lodge knew his occupation.

After a trial the district court directed the jury to return a verdict in favor of defendant upon the authority of Abell v. Modern Woodmen of America, 96 Minn. 494, 105 N. W. 65, 906. Error is assigned for this, and also because the court excluded evidence to show that some of the members of the subordinate lodge knew that the insured was engaged in a prohibited occupation.

There is a marked distinction between this and the Abell case. The by-law which was controlling there read: "Engaging in, or entering on, or continuing in, any of the occupations or employments enumerated in section 14 of these by-laws, by any beneficial member of this society heretofore or hereafter admitted to such membership, shall totally exempt such society from any and all liability to such member, his beneficiary or beneficiaries, on account of or claimed as growing out of the death of such member by accident directly traceable to employment in such hazardous occupation or to disease directly traceable thereto. * * * " In its opinion this court pointed out how, under that by-law, the certificate was not forfeited, nor did it become void, when the insured entered upon a prohibited employment. The holder of the certificate was still insured, except from death resulting by reason of his engaging in a prohibited employment. In its limited scope the certificate was still sufficient consideration for the payment of dues and assessments, and no waiver or estoppel could be presumed.

In this case the by-law declares that certificate to be void. It may be continued in a modified form, or revived in a modified form, by the filing of an agreement upon the part of the insured that it shall not extend to the increased hazards. No such agreement having been entered into by the insured, the certificate must stand or fall in its original form. In holding that by the acceptance and retention of the assessments the defendant, if it waived anything, only waived the execution of the written agreement by the insured modifying the scope of the certificate, the court made a new contract between the

parties without the consent of either. In the Abell case the by-laws of the association definitely provided for this new contract, which would become effective without any further act than the entering into, by the insured, of a prohibited occupation. Here, when the insured entered upon the prohibited occupation, the certificate was void if the defendant chose to so treat it. Instead of doing so, it continued to receive and retain the assessments paid by the insured.

In the Abell case it was said: "It is the contention of the plaintiff that, when the insured engaged in the business of railroad freight brakeman, the benefit certificate, by virtue of the express terms of the contract, became ipso facto void for all purposes—that is, it was entirely forfeited; that there could be no consideration for the subsequent payment of dues and assessments by the insured, unless the certificate should continue in force. Therefore, the defendant having accepted and retained such dues with knowledge of such forfeiture, it is estopped from asserting the forfeiture, or, as is sometimes said, waived it. If the premises of this proposition be correct, the conclusion is correct. The cases cited and relied upon by plaintiff's counsel fully sustain it." See also Modern Woodmen of America v. Colman, 68 Neb. 660, 94 N. W. 814; Wiberg v. Minnesota Scandinavian Relief Assn., 73 Minn. 297, 76 N. W. 37; Kidder v. Knights, 94 Wis. 538, 69 N. W. 364; Parsons, Rich & Co. v. Lane, 97 Minn. 98, 106 N. W. 485; Mee v. Bankers' Life Assn., 69 Minn. 210, 72 N. W. 74; Mueller v. Grand Grove U. A. O. D., 69 Minn. 236, 72 N. W. 48.

If the evidence in this case was convincing that the defendant had knowledge of the occupation in which the insured was engaged, or that he had been so engaged for such a length of time that it should be presumed to have knowledge, we would have no doubt of plaintiff's right to a directed verdict. But how far notice to officers and members of subordinate lodges is notice to the corporation is always perplexing, and here the insured was one of those officers, so that his knowledge was not knowledge by the defendant. Dorr v. Life Ins. Clearing Co., 71 Minn. 38, 73 N. W. 635, 70 Am. St. 309. The learned trial judge, however, assuming that the Abell case was controlling, refused to admit testimony offered for the purpose of proving notice; and we feel that the plaintiff is entitled to a new trial, upon

which the question of notice and waiver will be fully submitted and considered.

Order reversed and new trial ordered.

LEWIS, J. (dissenting).

I am of the opinion that, in receiving payment of dues after John-son entered the prohibited employment, the lodge may have intended to permit him to continue as a special member notwithstanding he had failed to file the waiver. I therefore dissent from the views of the majority that such payments necessarily tended to constitute a waiver only of his occupation. It does not follow that, because in the Abell case the certificate was self-perpetuating for special purposes, the lodge in this case would be attempting to make a new contract in waiving Johnson's failure to file a waiver. I consider the evidence insufficient to establish waiver of the occupation, and the offer of evidence to establish notoriety too indefinite; and, finding no errors in the record, the case should be affirmed.