ETHEL   JOHNSON   v.   MODERN   BROTHERHOOD   OF AMERICA.[1]

May 26, 1911.

Nos. 17,011—(100).

**Mutual benefit insurance — prohibited employment — receipt of dues.**

Under the law of this case as established on a former appeal (109 Minn. 289) the effect of an estoppel resulting from the receipt from a certificate holder of dues and assessments, while he was engaged in a prohibited employment with the knowledge on the part of the society of such employment, is to continue the certificate in force, with the prohibition as to such employment eliminated or ineffective.

**Waiver of forfeiture.**

The statute applicable to defendant (Code, § 1822), an Iowa corporation, requires such societies to make provision for the payment of benefits in case of death or disability of members, "subject to the compliance by members with its constitution and laws." The waiver by such society of a forfeiture under a by-law is not, under this provision, an ultra vires act of the society.

[1]Reported in 131 N. W. 471.

---

[Note]   Waiver of provision as to change of occupation by continued receipt of dues, see note in 27 L.R.A.(N.S.) 446.

Action in the district court for Ramsey county to recover $1,000 upon a benefit certificate issued by defendant. The former appeal is reported in 109 Minn. 289, 123 N. W. 819, 27 L.R.A.(N.S.) 446. After that appeal the case was tried before Orr, J., and a jury which returned a verdict in favor of plaintiff for $1,144.50. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*J. H. Trewin* and *Arthur J. Stobbart,* for appellant.

*Wondra & Helm* and *Richard A. Walsh,* for respondent.

SIMPSON, J.

This is an appeal by the defendant from an order made by the trial court—after verdict for plaintiff—denying the defendant's alternative motion for judgment or a new trial.

The case involves the right to recover on a certificate of membership in a fraternal beneficiary association. The defendant interposed the defense that at the time of the death of the insured his certificate was void, because he was then engaged in the employment of a switchman. The by-laws of the society provided that, if any member engages in the occupation of switchman, his benefit certificate shall become null and void, provided, however, that a member may be so employed without invalidating his benefit certificate if he shall, before entering such employment, file a written waiver of any liability of the society founded on death or injury from any cause traceable to such prohibited employment. While admitting the existence and validity of this by-law, the plaintiff claimed that the society was estopped from asserting such a forfeiture, because it had, with knowledge of such prohibited employment, accepted and retained dues and assessments paid by the insured while so employed. Payment of dues and assessments by the insured was conceded, but knowledge of the society as to the prohibited employment was denied. The issue of fact so raised was submitted to the jury.

The insured was himself an officer in the local lodge of the society. Evidence was introduced, tending to show that other officers of the local lodge knew of such employment, and that such employment of the insured was so generally known among members of the

society, and continued for such a length of time that knowledge on the part of the society of the prohibited employment must be inferred. By the verdict returned in favor of the plaintiff it was found that the society did receive and retain the assessments with knowledge that the insured was working as a switchman. Such finding is sustained by the evidence.

The defendant, however, contends that, if such fact was shown by the evidence, it established, not an estoppel against the defendant, preventing it from asserting that the policy was void because of the prohibited employment, but a waiver of the written notice by the insured, releasing the society from liability for death or injury traceable to the prohibited employment. The effect so claimed by defendant cannot be given such estoppel or waiver. In a former decision this court determined the law of this case adversely to this claim of the defendant. This case was brought to this court by a former appeal, taken by the plaintiff after a directed verdict against her. Johnson v. Modern Brotherhood of America, 109 Minn. 289, 123 N. W. 819, 27 L.R.A.(N.S.) 446.

The view here contended for by the defendant was adopted by the trial court on the former trial, and a verdict directed in accordance therewith against the plaintiff. In the former decision of this case, Justice O'Brien, speaking for the majority of the court, declared such view erroneous, and stated:

"In holding that by the acceptance and retention of the assessments the defendant, if it waived anything, only waived the execution of the written agreement by the insured modifying the scope of the certificate, the court made a new contract between the parties without the consent of either. In the Abell case the by-laws of the association definitely provided for this new contract, which would become effective without any further act than the entering into, by the insured, of a prohibited occupation. Here, when the insured entered upon the prohibited occupation, the certificate was void if the defendant chose to so treat it. Instead of doing so, it continued to receive and retain the assessments paid by the insured. * * * If the evidence in this case was convincing that the defendant had knowledge of the occupation in which the insured was engaged, or

that he had been so engaged for such a length of time that it should be presumed to have knowledge, we would have no doubt of plaintiff's right to a directed verdict."

By so holding, this court has settled, as the law of this case, the effect of the acceptance of assessments from the insured with knowledge of his prohibited employment under the certificate and by-laws here involved.

There is no force in the contention of the defendant that under the statute of Iowa (Code, § 1822) a rule different from the usual one applies to the question of waiver or estoppel through disregard of a condition contained in a by-law of the society. The statute referred to provides that a society of the class to which the defendant society belongs shall make provision for payment of benefits in case of death or disability of members "subject to the compliance by members with its constitution and laws." Such a provision is inherent in the law governing the corporate obligations to members of all corporations having a constitution and by-laws. Its statement in this form in the statute referred to adds nothing to the general law governing corporate action. This by-law was not prescribed by the statute. The waiver of a forfeiture under it, and the resulting payment of a benefit, is not an ultra vires act of the society.

Defendant assigns as error the refusal of the court to charge the jury, as requested, "that unless you find from the evidence that the deceased, at the time of so paying his dues and assessments, understood and believed that by so doing he was keeping his policy in force, *and the same covered the hazards and risks incident to his occupation as a switchman,* then your verdict should be for the defendant." The italicized portion of the above request assumes that the effect of an estoppel through acceptance of assessments with notice to the society of the insured's prohibited employment was a question of fact for the jury. Under the evidence and law applicable to the case, as announced in the former decision, such estoppel, in effect, revived or continued in force the certificate in its original form, without a waiver of liability for risks incident to the occupation as switchman. The requested instruction was properly refused.

Under several assignments of error, questions are raised by ap-

pellant as to portions of the charge given by the court in submitting the case to the jury, and as to the refusal of the court to instruct the jury as requested. We are satisfied, from an examination of the record, that the issue clearly defined in the prior decision of the case was fairly submitted to the jury, and that the requested instructions were properly refused.

Order affirmed.