# WILLIAM B. MOHLER v. CHAMBER OF COMMERCE OF MINNEAPOLIS, and Another.[1]

July 9, 1915.

Nos. 19,292—(203).

**Chamber of ·commerce — by-law — lien of member.**

1. The chamber of commerce of Minneapolis has authority to provide by rule or by-law that one member shall have a lien upon the membership of another for an indebtedness arising from or entered into between one and the other by virtue of membership in the chamber.

**Same — enforcement of lien.**

2. On May 13 and May 14, 1907, the defendant Welch Co. had a lien under such rule for $4,535.07 on the membership of the plaintiff for wheat sold him. It first claimed that title did not pass and sought to recover in conversion from one to whom the plaintiff had sold. It was defeated. It is *held* that in the absence of intervening injury to another it may still maintain its lien on the plaintiff's membership.

**Same — limitation of action.**

3. Under the rules of the chamber a proceeding to enforce the lien cannot be brought until 90 days after the creation of the indebtedness, in this case until 90 days after May 13 or 14, 1907. It is *held* that a proceeding commenced on July 22, 1913, is not barred by the six-year statute of limitations.

**Finding sustained by evidence.**

4. Under rule 12 of the chamber the determination in respect of ·the lien is properly made by the board of directors; and the finding of the court that proceedings were had before the board, that the plaintiff participated therein, and that a fair trial and investigation was had, is sustained.

Action in the district court for Hennepin county to restrain defendant E. L. Welch Co. from proceeding before defendant chamber of commerce or its board of directors in enforcing a certain claim against plaintiff and to enjoin defendant chamber of commerce from offering for sale or selling the membership of plaintiff in that body.

[1] Reported in 153 N. W. 617.

The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of defendants. Plaintiff's motion for amended findings and conclusions of law was denied. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Selover, Schultz & Selover,* for appellant.

*Mercer, Swan & Stinchfield,* and *Harris Richardson* and *Walter Richardson,* for respondents.

DIBELL, C.

Action by the plaintiff, a member of the chamber of commerce of Minneapolis, against the chamber and E. L. Welch Co., a corporation having such membership rights as a corporation may have, to restrain them from selling the membership of the plaintiff to discharge an obligation owing by the plaintiff to the Welch Co. and claimed to be a lien thereon. There were findings for the defendants and the plaintiff appeals from the order denying his motion for a new trial.

1. The chamber of commerce is organized under Laws 1883, p. 194, c. 138. It has the powers usual to such associations. The statute provides that "it may prescribe the terms and conditions of its membership, the mode of admission of members, the number and mode of election of its officers, * * * and generally as to the management and transaction of its business and affairs, either by by-laws or resolutions, and when the business of the corporation is managed by or through a board of directors or other body, such board or body shall be considered as vested with, and may exercise all the powers of the corporation unless otherwise limited and restricted by the by-laws of such corporation. * * * *".

Section 14 of rule 12 of the general rules of the chamber provides as follows:

"Any member of this association to whom another member is indebted upon any claim, demand or transaction arising from or entered into by virtue of membership in this association, shall have a lien upon the membership of such debtor and also on all memberships the purchase of which has been paid by such debtor for the

130 M.—19.

amount of such claim, demand or indebtedness, which lien may be enforced at any time after the expiration of ninety days * * * after such claim, demand or indebtedness became due and payable by a sale of said membership by the secretary of this association, upon the notice and as provided in section 5 of rule 12."

This rule is valid and is binding upon the members. McCarthy Brothers Co. v. Chamber of Commerce of Minneapolis, 105 Minn. 497, 117 N. W. 923, 21 L.R.A.(N.S.) 589. And see Evans v. Chamber of Commerce of Minneapolis, 86 Minn. 448, 91 N. W. 8. The lien which it creates is enforceable.

2. On February 6, 1907, the Welch company sold the plaintiff on the floor of the chamber 5,000 bushels of wheat for May delivery. It arrived on the twenty-second and twenty-third days of April, 1907, and was delivered to the plaintiff on May 13 and 14, 1907. There then became due from the plaintiff to the Welch company $4,535.07. The Welch Co., under the by-laws, had a member's right to a lien for this sum on the plaintiff's membership. The plaintiff sold the wheat to the Lahart Elevator Company. He was then financially involved. He did not pay the Welch Company. The Welch Co. sued the Lahart Co., claiming that title had not passed. It was defeated in this claim. The litigation is reported in 109 Minn. 219, 123 N. W. 821, and 122 Minn. 432, 142 N. W. 828.

The plaintiff now claims that the Welch Co., having asserted its claim that title did not pass, though defeated in it, cannot now assert a right to a lien under the chamber rules. We cannot assent to this proposition. The plaintiff's contention, in the absence of intervening injury to another, cannot be successfully maintained. The plaintiff had the benefit of the wheat. He did not pay for it. Under the finding of the court the Welch Co. made a mistake in its claim that title did not pass. This was determined only shortly before commencing the proceeding to enforce its lien. In the absence of harm to someone, who ought not to suffer it, there is nothing wrong in the Welch Co. getting its pay through the lien.

3. The proceeding to enforce a lien was instituted in the chamber of commerce on July 22, 1913. The plaintiff claims that the stat-

ute of limitations had run and that the Welch Co. could not maintain a proceeding to enforce a lien. The wheat was received by the plaintiff on May 13 and May 14. Under the rules of the chamber, quoted in paragraph 1, the lien, such as the Welch Co. claims, can be enforced at any time after the expiration of 90 days after the indebtedness becomes due and payable. The indebtedness did not become due until May 13 and May 14, 1907; proceedings to enforce a lien for it could not be brought within 90 days; and the proceeding to enforce it having been brought on July 22, 1915, a six-years statute of limitations had not run.

We do not find it necessary to construe the portion of rule 12, which provides that the statute of limitations shall not impair or preclude the right to enforce the lien; nor do we find it necessary to consider whether the lien survived and could be enforced if the debt was barred.

4. By rule 12 it is provided that a member may file with the secretary a statement of his lien claim and the hearing shall be had before the board of directors. By section 14 of rule 12 it is intended that the claim of lien shall be considered by the board of directors. We are unable to see any reason for questioning the power of the board of directors to pass upon a claim of lien.

The court finds that commencing on January 22, 1913, proceedings were had in the chamber pursuant to its rules for the enforcement of the lien; and that the plaintiff appeared and participated therein. Its finding is sustained.

There is a suggestion by the plaintiff that it did not have a fair trial or investigation before the board of directors of the chamber.

The trial court found otherwise and its finding is sustained.

We have examined all other points made by the plaintiff and we do not think they call for specific mention.

Order affirmed.