# GEO. A. HORMEL COMPANY v. FIRST NATIONAL BANK AND OTHERS.[1]

April 8, 1927.

Nos. 25,578, 25,579, 25,580, 25,581.

**After dismissal of complaint reply admissible as defense to defendant's counterclaim.**

1. Plaintiff sued in replevin for certain shares of its capital stock issued to one Thomson. Defendant by a counterclaim in its answer asserted a lien upon the stock for loans to Thomson and asked for judgment foreclosing the lien. Plaintiff dismissed the complaint and cause of action in replevin, and in its reply to the counterclaim asserted a statutory lien for indebtedness due from Thomson prior and paramount to that of defendant. *Held* that although the reply would be a departure from the complaint if that pleading had remained in the case, it was admissible as a defense to the counterclaim.

**Unnecessary to settle question stated.**

2. Whether affirmative relief could be based on this reply it is not necessary to determine, for plaintiff brought an action in equity to enforce and foreclose its lien which was consolidated with this action and they were tried as one.

**Defendant not entitled to jury trial.**

3. Defendant was not entitled to a jury trial as the cause of action in replevin was dismissed and both parties sought only equitable remedies.

**Where doctrine of election of remedies is inapplicable.**

4. The doctrine of election of remedies applies only where a party has a choice between two or more coexistent and inconsistent remedies for the enforcement of the same right. It does not apply where he has different remedies for the enforcement of different rights.

**When party is bound by his election of remedy.**

5. It is the general rule that where a party with knowledge of all the facts and of his rights makes a deliberate choice between two appropriate but inconsistent remedies he is bound thereby.

[1]Reported in 212 N. W. 738.

**Employment of improper remedy does not bar use of inconsistent remedy.**
6. An attempt to enforce a remedy to which he is not entitled does not bar a party from pursuing an inconsistent remedy.

**When party is not barred from pursuing an inconsistent remedy.**
7. Where a party who attempted to enforce a given remedy abandons it on discovering that he did not know all the facts, he is not barred from enforcing an inconsistent remedy.

**Corporation's statutory lien on its stock for debt due it is prior to rights of purchaser or pledgee.**
8. The lien given by statute upon the stock of a stockholder for indebtedness due the corporation is prior and paramount to the rights of a purchaser or pledgee of the stock.

**Corporation can lose this statutory lien only by waiver, surrender or estoppel.**
9. This statutory lien is never lost by mere negligence; only by waiver, surrender or estoppel.

Appeal and Error, 4 C. J. p. 649 n. 36.
Corporations, 14 C. J. p. 729 n. 41; p. 788 n. 82, 83; p. 795 n. 89.
Election of Remedies, 20 C. J. p. 8 n. 64; p. 21 n. 43; p. 22 n. 45; p. 35 n. 30; p. 38 n. 61.
Juries, 35 C. J. p. 159 n. 33.
Pleading, 31 Cyc. p. 245 n. 94 New.

See 9 R. C. L. 956, 960-962; 2 R. C. L. Supp. 906-908; 4 R. C. L. Supp. 630 et seq.; 5 R. C. L. Supp. 531 et seq.; 6 R. C. L. Supp. 582, et seq. See note in 33 A. L. R. 1272; 7 R. C. L. 208; 2 R. C. L. Supp. 313; 6 R. C. L. Supp. 436.

Plaintiff brought an action in replevin in the district court for Mower county against the defendant First National Bank to recover certain capital stock in the plaintiff, and subsequently an equity action against the First National Bank and R. J. Thomson to enforce a lien on the same stock. There were also actions identical in character by the plaintiff against the First State Bank of LeRoy and R. J. Thomson. The court consolidated the actions for trial and they were tried together. There were findings, Peterson, J.,

that plaintiff had a first lien on the capital stock. Defendants made a motion for a new trial in each case and appealed from the orders denying them. Affirmed.

*Smith & Callahan, H. Stanley Hanson, William B. Movery, Arthur W. Wright,* and *Martin A. Nelson,* for appellant banks.

*F. G. Sasse* and *Catherwood, Hughes & Alderson,* for respondent.

TAYLOR, C.

Plaintiff is a Minnesota corporation engaged in the packing business at the city of Austin. In July, 1921, plaintiff discovered that R. J. Thomson, then assistant comptroller of the company, had embezzled $1,187,000 of its funds during the preceding five years. He was arrested, admitted his thefts and is serving a term in the state prison therefor. He had borrowed money from defendant First National Bank and also from defendant First State Bank. As collateral security for these loans he had deposited with the First National Bank 45 shares of the preferred capital stock issued by plaintiff and certain other securities, and with the First State Bank 48 shares of such capital stock and certain other securities.

Plaintiff brought an action in replevin against each of these banks to recover the securities so deposited by Thomson, claiming to be the owner thereof. The banks rebonded and retained the securities. The actions and subsequent proceedings were nominally separate as to each bank but were the same in all respects, and the actions were tried together and the appeals of both banks are submitted upon the same record and briefs. Consequently there is no need to distinguish between them in this opinion, and for convenience and brevity the terms "bank" and "defendant" as used hereinafter may be understood as applying to both.

In an amended answer, defendant set forth the facts giving it a lien on the securities deposited by Thomson and asked that its lien be adjudged superior to plaintiff's claim, be foreclosed, the securities sold and the proceeds thereof applied on its loan to Thomson. Plaintiff with the permission of the court dismissed its complaint and cause of action in replevin. But as defendant had asked for affirmative relief, plaintiff could not dismiss the action and the

questions in respect to defendant's counterclaim remained to be determined. The court permitted plaintiff to interpose an amended reply to the amended answer, in which plaintiff alleged that the shares of capital stock pledged by Thomson were owned by him and stood in his name on plaintiff's stockbook; that he was indebted to plaintiff in a sum exceeding one million dollars for which plaintiff had obtained judgment; and that plaintiff had a first lien upon the stock for such indebtedness. Plaintiff asked for judgment decreeing that it had a first lien on the stock, and that the lien be foreclosed and the stock sold and the proceeds thereof applied in reduction of its judgment against Thomson. By this reply plaintiff abandoned all claim of title to the securities held by the bank and relied solely upon the lien given by G. S. 1923, § 7463, to a corporation upon its capital stock for indebtedness due from the stockholder. Previous to dismissing its complaint and cause of action in replevin plaintiff brought another action, designated in the record as the equity action, against both the bank and Thomson in which it set forth the facts giving it a lien upon its capital stock under the statute for the indebtedness due from Thomson and asked that this lien be declared superior to the lien of the bank and be foreclosed and the stock sold and the proceeds applied in reduction of the judgment against Thomson. The facts set forth and the relief asked in this complaint were substantially the same as in the amended reply in the replevin action. The court consolidated the actions for trial and they were tried together as one. The court made extended findings setting forth the facts in detail and directed that judgment be entered decreeing that plaintiff had a first lien on the capital stock, that it be sold and the proceeds applied in reduction of the judgment against Thomson. Defendant made a motion for amended findings or for a new trial in each case and appealed from the orders denying these motions.

The stock in controversy was issued to Thomson and stood in his name on the stock book. That the statute gives a corporation first lien upon its capital stock for all indebtedness due from the stockholder is no longer open to question and is not disputed. Dorr

v. Life Ins. Cl. Co. 71 Minn. 38, 73 N. W. 635, 70 Am. St. 309; U. S. & C. L. Co. v. Sullivan, 113 Minn. 27, 128 N. W. 1112, Ann. Cas. 1912A, 51; Benson v. Saffert-Gugisberg C. Co. 159 Minn. 54, 198 N. W. 297; id. 161 Minn. 269, 201 N. W. 424. The question to be determined is whether plaintiff has lost the right to assert and enforce this lien as against defendant.

Defendant contends that it was beyond the power of the court to permit plaintiff to interpose a reply in the replevin action in which it alleged that Thomson was the owner of the stock and that plaintiff had a lien upon it, for the reason that such allegations were inconsistent with and a departure from the complaint. The reply was clearly a departure from the complaint. But the complaint and the cause of action asserted therein had been dismissed and abandoned, and only the issues tendered by defendant's counterclaim remained to be determined. This in effect reversed the position of the parties. In prosecuting its counterclaim, defendant occupied the position of a plaintiff, and in defending against the counterclaim plaintiff occupied the position of a defendant. A similar situation was presented in Griffith v. Dowd, 133 Minn. 305, 158 N. W. 420; and in Farmers State Bank v. Hammond, 170 Minn. 313, 212 N. W. 593. While the facts set forth in the reply would have been a departure from the complaint if that pleading had remained in the case, they were admissible as a defense to the counterclaim asserted by defendant in its answer. Plaintiff could allege and prove any facts which would defeat that counterclaim. Several cases give expression to that principle although not similar in their facts. Townsend v. Minneapolis C. St. & Fr. Co. 46 Minn. 121, 48 N. W. 682; Trainor v. Worman, 34 Minn. 237, 25 N. W. 401; School Dist. No. 73 v. Wrabeck, 31 Minn. 77, 16 N. W. 493; Niebels v. Howland, 97 Minn. 209, 106 N. W. 337. Whether plaintiff could make use of the new matter in the reply as a basis for affirmative relief, or only as a defense to the counterclaim, as intimated in some of the cases, it is not necessary to determine, for plaintiff's claim to affirmative relief is presented and asserted in the equity action and does not depend upon this reply.

Defendant also contends that permitting this reply to be interposed changed the action from one at law to one in equity and thereby wrongfully deprived defendant of the right to a jury trial. But the cause of action at law had been dismissed and no jury question remained. Both the counterclaim and the defense to it were equitable in their nature. And defendant having chosen to pursue an equitable remedy instead of permitting the action to be dismissed cannot complain because plaintiff interposed an equitable defense to its claim for affirmative relief.

Defendant also contends that plaintiff, by bringing the action in replevin, made an election of remedies which barred it from thereafter asserting its statutory lien.

The doctrine of election of remedies applies only where a party has a choice between two or more coexistent and inconsistent remedies for the enforcement of a given right or the redress of a given wrong. It does not apply where he has different remedies for the enforcement of different and distinct rights or the redress of different and distinct wrongs.

"Election of remedies is the act of choosing between different remedies allowed by law on the same state of facts, where the party has but one cause of action, one right infringed, one wrong to be redressed. The doctrine does not require election between distinct causes of action arising out of separate and distinct facts." 20 C. J. 8. See also 9 R. C. L. 956; 7 Enc. Pl. & Pr. 363.

It is stated as a general rule that where a party with full knowledge of all the facts and of his rights resulting therefrom makes a deliberate choice between two appropriate coexisting but inconsistent remedies he is bound by the election so made. Dyckman v. Sevatson, 39 Minn. 132, 39 N. W. 73; Johnson v. Town of Clontarf, 98 Minn. 281, 108 N. W. 521; Aho v. Republic I. & S. Co. 104 Minn. 322, 116 N. W. 590; 5 Standard Enc. Proc. 80.

To constitute an election within the rule, the remedy sought to be enforced must be an existing remedy open to the party. An attempt to pursue a particular remedy which fails or is abandoned because the party either did not possess that remedy or had lost

the right to enforce it does not bar him from pursuing another inconsistent remedy, in the absence of facts constituting an estoppel in pais. Mohler v. Chamber of Commerce, 130 Minn. 288, 153 N. W. 617; International R. & S. Corp. v. Vanderpoel, 127 Minn. 89, 148 N. W. 895; In re Van Norman, 41 Minn. 494, 43 N. W. 334; Freeman v. Fehr, 132 Minn. 384, 157 N. W. 587; Virtue v. Creamery Pkg. Mfg. Co. 123 Minn. 17, 43, 142 N. W. 930, 1136, L. R. A. 1915B, 1179, 1195; Aho v. Republic I. & S. Co. 104 Minn. 322, 116 N. W. 590; Marshall v. Gilman, 52 Minn. 88, 53 N. W. 811; Cumbey v. Ueland, 72 Minn. 453, 75 N. W. 727; Bitzer v. Bobo, 39 Minn. 18, 38 N. W. 609; Schenck v. State Line Tel. Co. 238 N. Y. 308, 144 N. E. 592, 35 A. L. R. 1149; Zimmerman v. Harding, 227 U. S. 489, 33 Sup. Ct. 387, 57 L. ed. 608; Bolton Mines Co. v. Stokes, 82 Md. 50, 33 Atl. 491, 31 L. R. A. 789; Corbett v. Boston & Maine Railroad, 219 Mass. 351, 107 N. E. 60, 12 A. L. R. 683; Snow v. Alley, 156 Mass. 193, 30 N. E. 691; Clark v. Heath, 101 Me. 530, 64 Atl. 913, 8 L. R. A. (N. S.) 144; 9 R. C. L. 961; 20 C. J. 21, § 17, and numerous cases there cited.

The court found that plaintiff brought the suit in replevin in reliance upon a written confession of Thomson that he had acquired the securities with money stolen from plaintiff; that Thomson subsequently repudiated that confession in so far as it related to the securities held by defendant; and that plaintiff, having been misled by Thomson, was justified in abandoning the action in replevin and was not barred or estopped from asserting its statutory lien.

In the replevin action plaintiff sought to pursue and retake stolen property. In the present action plaintiff seeks to enforce its statutory lien for the indebtedness represented by its judgment against Thomson. The two actions grew out of different rights for which the law gives different remedies. Whether the fact that the property upon which plaintiff seeks to impress a lien is a part of the property which it sought to recover in the replevin action would bring the case within the doctrine of election of remedies under any circumstances is doubtful, but there is no need to determine that question here, for bringing the replevin action and then dismissing it because unable to prove that the securities were stolen or were the

proceeds of stolen property did not constitute an election of remedies which will bar the present action.

Defendant urges that it admitted in its answer that plaintiff was the owner of the capital stock in question and that plaintiff had no need to prove that fact. But this admission was coupled with averments to the effect that the stock was issued to Thomson and stood in his name on the books; that plaintiff had invested him with apparent title to the stock and with authority to deal with it as his own; and that defendant had accepted the stock as security for loans in reliance upon such apparent title. Thomson was not a party to the replevin action and was not bound by defendant's admission and would not be bound by a judgment in that action. Plaintiff was not required to accept defendant's qualified admission, and base and risk its case thereon after learning that Thomson asserted that his written confession was not true in so far as it applied to the securities which he had pledged to defendant, and that he would testify that he had acquired those particular securities honestly and not with stolen funds. The replevin action having been brought without knowledge of all the facts, the attempt to pursue that remedy did not bring plaintiff within the doctrine of election of remedies nor bar it from pursuing the remedy asserted in the equity action.

Defendant also contends that plaintiff was guilty of negligence in failing to make an earlier discovery of Thomson's defalcations and in issuing to him the certificates of stock and permitting them to remain on the stockbooks in his name, and that such negligence bars plaintiff from enforcing its statutory lien as against defendant's lien. We find no need to consider or discuss the methods by which Thomson concealed his peculations so that they were not discovered by the other officers of plaintiff, or by the chartered accountants who made an audit of plaintiff's books and financial affairs each year. The court found that plaintiff was not negligent in failing to discover the misappropriation of its funds, nor in issuing the stock to Thomson and permitting it to remain in his name. It might suffice to say that there is sufficient evidence to sustain these findings. But if we were to concede that plaintiff was negligent in the respects charged, it would not bar plaintiff from asserting its lien.

The statute is notice to all persons dealing with the stock that the corporation has a first and paramount lien thereon for all debts due from the stockholder. Dorr v. Life Ins. Cl. Co. 71 Minn. 38, 73 N. W. 635, 70 Am. St. 309. Of course the corporation may waive or surrender its lien, and may also by its conduct estop itself from asserting it. See St. Paul Nat. Bank v. Life Ins. Cl. Co. 71 Minn. 123, 73 N. W. 713; Prince Inv. Co. v. St. Paul & S. C. L. Co. 68 Minn. 121, 70 N. W. 1079. In this last case it was held that where the corporation had notice that a stockholder had sold his stock it was not entitled to a lien for debts subsequently accruing against such stockholder although the transfer had not been entered on the books. But unless the corporation has waived or surrendered its lien or by its acts has estopped itself from asserting it, the lien is valid and enforceable against all the world, and prior and paramount to the rights of any purchaser or pledgee claiming under or through the stockholder. Dorr v. Life Ins. Cl. Co. 71 Minn. 38, 73 N. W. 635, 70 Am. St. 309; Benson v. Saffert-Gugisberg C. C. Co. 161 Minn. 269, 201 N. W. 424; Hammond v. Hastings, 134 U. S. 401, 10 Sup. Ct. 727, 33 L. ed. 960; 33 A. L. R. 1272, note and citations; 14 C. J. 788, § 1192, 795, § 1203.

The statute, G. S. 1923, § 7463, provides that a pledgee of stock may present the certificates to the corporation and have new certificates issued showing that he holds them as security. Defendant not only failed to do this, but failed to give plaintiff any notice that it held the stock or had any claim upon it. Whatever rights defendant may have in the stock were acquired without the knowledge of plaintiff and without any act on the part of plaintiff which would amount to a waiver of its lien. We find no cases holding that such a lien may be lost through mere negligence on the part of the corporation. The following cases bear upon that question to some extent although dealing mainly with the question of waiver. Nat. Bank v. Rochester Tumbler Co. 172 Pa. St. 614, 625, 33 Atl. 748; Sproul v. Standard P. G. Co. 201 Pa. St. 103, 50 Atl. 1003; Bank of Searcy v. Merchants Gro. Co. 123 Ark. 403, 185 S. W. 806; First Nat. Bank v. Hartford L. & A. Ins. Co. 45 Conn. 22; Platt v. Birm-

ingham Axle Co. 41 Conn. 255; Moore v. Royal Oak L. & S. Co. 171 Mich. 400, 137 N. W. 270; Jennings v. Bank of California, 79 Cal. 323, 21 Pac. 852, 5 L. R. A. 233, 12 Am. St. 145.

The indebtedness involved in the two Pennsylvania cases above cited arose out of misappropriation of funds by officers of the corporations; and in the first of those cases the court remarks:

"Nor can the claim be sustained that the defendant has lost its right to lien as against the appellant, by reason of negligence in allowing the debt to be created. * * * An employer may trust his employee to the extent of negligence without impairing his rights against the employee, or giving the employee's creditor any ground of complaint, before notice of such creditor's rights."

We are satisfied that the learned trial court reached the correct conclusion and its orders are affirmed.