OLIVER MORROW v. PEOPLES STATE BANK OF MOTLEY.[1]

July 15, 1932.

No. 28,846.

[1]Reported in 243 N. W. 785.

*Frederick J. Miller,* for appellant.
*Ryan, Ryan & Ryan,* for respondent.

Dibell, J.

Action to recover for the conversion of jack pine pulp wood piled on the right of way of the Northern Pacific Railway Company at Motley, Minnesota. At the close of the testimony the court directed a verdict for the plaintiff for $475, which was the value of the pulp, plus interest. There was judgment for the plaintiff, and the defendant appeals.

Frederick C. Jones and his wife were the owners of a farm in Cass county which was in the possession of one Goplen, their tenant. Sometime in the latter part of 1929, Jones, in response to a letter from Goplen, instructed him to get out as much pulp wood as he could. The stumpage price was agreed upon. One object of Jones was to clear the land for pasture. On November 3, 1929, Jones again wrote to Goplen expressing a hope that he would be able to cut all that he, Jones, wanted cut and mentioned having

letters from other people in the vicinity who wanted to cut wood. Eliminating some grammatical errors, the letter reads:

"I would like to hear from you whether you will be able to cut all I want cut as I have had several letters from people up there who want to cut wood. If you can't cut it all will probably be up there and see them; but I won't come if you can do it or sell it."

There is but one permissible construction of the letter in light of other correspondence and the surrounding circumstances. Jones wanted Goplen to cut as much as he could of the pulp, and if he could not cut all that he desired to have cut that he procure some-one else to get it out.

■ Acting upon this interpretation of the letter, Goplen negoti-ated with the plaintiff, who cut 35 cords, paid for it the price which the parties had agreed, $2.50 per cord, and piled it in Motley along the railroad track. He piled at the same place 15 cords which he had cut elsewhere. Pulp was worth about $9 per cord at Motley.

Goplen afterwards gave the defendant bank a mortgage upon pulp along the railroad covering the 15 and 35 cords. A foreclosure sale was had under the mortgage at the direction of the bank on April 12, 1930. It is conceded for reasons not necessary now to discuss that the foreclosure sale was invalid and no title passed by it. On May 15, 1930, the defendant got a bill of sale from Jones, and upon this bill of sale it relies. From what is said it is clear that the act of the bank in selling and assuming possession and control of the piling while the plaintiff was in possession was a conversion. The bank had no title. The mortgage was not a lien upon the 15 and the 35 cords; and the bill of sale of May 15, 1930, was not a defense to the conversion.

■ The claim is made that Mrs. Jones did not join in the letter partially quoted above nor in the authorization to the tenant. The record is indefinite as to how the Joneses owned the property, whether as joint tenants or tenants in common. It is likely that they were tenants in common. In any event, Mrs. Jones was pres-ent when the arrangement of leasing was made, knew of its being made, and knew of the arrangement which her husband had made

and substantially participated in it. The agreement was performed as the parties intended that it should be; and if the statute of frauds or the lack of a more specific writing was ever important, it is not so after the plaintiff had cut and hauled the pulp to Motley. 6 Dunnell, Minn. Dig. (2 ed.) § 8852.

■ The defendant claims that a state bank cannot be guilty of conversion. The point is argued to the extent that it can be urged. We are not in accord with the view claimed. See Nicollet Nat. Bank v. City Bank, 38 Minn. 85, 35 N. W. 577, 8 A. S. R. 643; Allen v. American B. & L. Assn. 49 Minn. 544, 52 N. W. 144, 32 A. S. R. 574; Carpenter v. American B. & L. Assn. 54 Minn. 403, 56 N. W. 95, 40 A. S. R. 345; Cumbey v. Ueland, 72 Minn. 453, 75 N. W. 727; Amick v. Exchange State Bank, 164 Minn. 136, 204 N. W. 639.

There are other points mentioned in the course of the argument which we do not discuss. It was substantially conceded that the value of the pulp at Motley was $9 per cord; that is, the difference between $2.50 and $9 was the cost of cutting and hauling; and the verdict of $502.25 represents the value of 50 cords at $9 per cord with interest added. The verdict was properly directed and for the right amount.

Judgment affirmed.